FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**JUL 03 2023**

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| JACQUELINE R. EVERSON, | ) | JURY TRIAL DEMANDED |
| Plaintiff | ) | |
| v. | ) | CIVIL ACTION NO: _____ |
| THE COCA-COLA COMPANY, | ) | **1:23-CV-2947** |
| LIBERTY MUTUAL INSURANCE COMPANY | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jacqueline R. Everson hereby files her Original Complaint and states:

### JURISDICTION

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 90 for the Northern District of Georgia, Atlanta Division.

2.    This Court has personal jurisdiction over the parties pursuant to OCGA § 9-10-91.

3.    Venue is proper pursuant to OCGA § 9-10-31.

### PARTIES

4.    Plaintiff Jacqueline R. Everson is a citizen of the United States and a residence of Austell, Cobb County, Georgia.

5.    Defendant The Coca-Cola Company "is a Delaware Corporation headquartered in Atlanta, Fulton County, Georgia.  The defendant may be served with process by delivering a copy of the Summons and Complaint

- 1 -

to its registered agent for service; Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

6.    Defendant Liberty Mutual Insurance Company is a Corporation headquartered in Boston, Massachusetts.  The defendant may be served with process by delivering a copy of the Summons and Complaint to its registered agent for service; Corporation Service Company, 84 State St., Boston, MA 02109.

7.    Plaintiff was a full-time Sr. Financial Analyst, employed by The Coca-Cola Company (17 years) in Atlanta, Fulton County, Georgia.

## STATEMENT OF FACTS

8.    Plaintiff recently discovered documents (*) that confirms The Coca-Cola Company is currently discriminating against plaintiff on the basis of her "disability". a) Defendant TCCC was recently contacted by the plaintiff on May 29, 2023. TCCC opened plaintiff's [Coca-Cola Case Number – HLP-2023-71237] concerning on-going disability discrimination. b) *The plaintiff requested answers to legitimate questions concerning her (TWO) Coca-Cola Company disability classification(s), administrative errors and willful misconduct. c) *Plaintiff's Coca-Cola Company classification(s) is "Totally disabled" for her early retirement pension she is currently receiving, and d) plaintiff's classification is "Not disabled" for all other privileges of employment. e) *The Coca-Cola Company has plaintiff listed with two conflicting classifications: "Totally disabled" and "Not disabled". f) The Coca-Cola Company would not answer legitimate questions concerning plaintiff's conflicting disability classifications. g) Plaintiff a "qualified individual" is being "excluded" or otherwise denied equal jobs or benefits because of her "known disability". h) TCCC deliberately misclassified plaintiff with full knowledge of plaintiff's "disability". i) Both defendant(s) The Coca-Cola Company and Liberty

-2-

Mutual Insurance Company disregarded plaintiff's "disability" evidence from these sources; plaintiff's SSDI results, *plaintiff's Coca-Cola "disability" evaluation results, plaintiff's Liberty Mutual Insurance Company "disability" evaluation results, and *plaintiff's disability letter from her own doctor on their records (Dr. Stewart). j) *TCCC and Liberty Mutual Insurance Company worked together to discriminate against plaintiff; on the basis of her "disability" k) while "totally conflicting" with *TCCC "disability" policy. l) March 29, 2005, Liberty Mutual Insurance Company letter Quote: "you are no longer considered disabled from your own occupation per the Coca-Cola Company policy."
m) The Coca-Cola Company letter Quote: "you are no longer eligible for Long-Term Disability benefits." "As a result, your employment with The Coca-Cola Company is being terminated effective March 30, 2005." (the next day). n)*Eight years later, and to this day; TCCC is looking at plaintiff's same SSDI disability evidence and came to the conclusion that plaintiff was/is "disabled" and eligible for early retirement pension benefit o) but TCCC is denying plaintiff's rights to other benefits that TCCC disabled employees are eligible to receive. This is discrimination. p) Plaintiff has filed this lawsuit based on these violation(s) of plaintiff's rights by TCCC and Liberty Mutual Insurance Company in violation of the Americans with Disabilities Act laws and Georgia laws and violations.

9.    **COUNT I:    DISABILITY DISCRIMINATION**

**AMERICANS WITH DISABILITIES ACT ("ADA")**

**42 U.S. CODE SUBCHAPTER I – EMPLOYMENT:**

"The ADA is codified in Title 42, Sections 12101-12213 (U.S. Code). In, 42 U.S. Code § 12102, the ADA defines a disability as any of the following three categories:"

-3-

- "a physical or mental impairment that substantially limits one or more of the major life activities of the individual";

- "a record of such impairment"; or

- "being regarded as having such an impairment."

I. The Coca-Cola Company is discriminating against plaintiff on the basis of plaintiff's "disability". Proof of "disability":

**COUNT I:**     **42 U.S. CODE § 12102 – DISABILITY: EVIDENCE**

1. **08/29/2003** → Plaintiff's Coca-Cola disability "**started**".

   Plaintiff's last day at work.

   Plaintiff's Coca-Cola classification: **"Totally disabled"**

2. **\*08/29/2003** → Plaintiff was approved for "Permanent" Social Security Disability Insurance (SSDI) 2003 to 2023.

   Plaintiff's SSDI classification: **"Permanent disability"**

10. **COUNT II:**    **DISABILITY DISCRIMINATION (ADA)**

    **42 U.S. CODE § 12112 – DISCRIMINATION:**

    "(a) General rule"

    "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

    "(b) Construction"

    "As used in subsection (a), the term "discriminate against a qualified individual on the basis of disability" includes—

    (1)    Limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;"

II. Defendant TCCC is discriminating against plaintiff on the basis of her "disability"; while limiting, segregating, and classifying plaintiff in a way that adversely affects plaintiff. TCCC deliberately classified plaintiff "totally disabled" and "not disabled" to terminate and limit plaintiff's employment privileges.

COUNT II.   42 U.S. CODE § 12112 - DISCRIMINATION: EVIDENCE

1. **08/29/2003** → Plaintiff was approved for "Permanent" Social Security Disability Insurance (SSDI) benefits (2003 to 2023). Plaintiff's SSDI classification:  "Permanent disability"

2. **03/29/2005** → The Coca-Cola Company Terminated plaintiff and all benefits; Plaintiff's Coca-Cola classification "not disabled"

3. **09/01/2013** → Early Retirement Pension started (2013 to 2023); Plaintiff's Coca-Cola classification "totally disabled"

11. **Count III:   Disability Discrimination (ADA)**

   **42 U.S. CODE § 12112 - DISCRIMINATION:**

   "(2) Participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter (such relationship includes a relationship with an employment or referral agency, labor union, an organization providing fringe benefits to an employee of the covered entity, or an organization providing training and apprenticeship programs);"

III. TCCC hired Liberty Mutual to evaluate plaintiff's "disability". The Coca-Cola claim administrators would not accept plaintiff's SSDI results. Instead, TCCC terminated plaintiff and all her benefits based on the advice of one Liberty Mutual doctor. Eight years later TCCC looked at the same disability evidence and came

to the conclusion that plaintiff is "disabled" and eligible for early retirement benefits she is currently receiving. May 29, 2023, The Coca-Cola Company opened plaintiff's [Coca-Cola Case Number - HLP-2023-71237] RE: On-going Discrimination (Administrative Errors and Multiple Classifications). To: The President and Vice President of The Coca-Cola Company, Coca-Cola's Sr. Claims Administrator and Sr. Benefit Administrator. The Coca-Cola Company has not answered legitimate questions or corrected errors concerning plaintiff's two classifications "totally disabled" and "not disabled" in violation of ADA laws.

**COUNT III.   42 U.S. CODE § 12112 - DISCRIMINATION:   EVIDENCE**

1.   **08/29/2003** → Plaintiff was approved for "Permanent" Social Security Disability Insurance (SSDI) benefits (2003 - 2023).

2.   **04/14/2004** → Coca-Cola hired Liberty Mutual to evaluate plaintiff's "disability": Liberty Mutual Document:  (LLCL0088):

Liberty Mutual's (1st) "disability" evaluation on plaintiff:

Liberty Mutual Claim Note 19; → Quotes:

"Dr. Steve reviewed MRI and notes and advised":

"She is totally disabled from working"

"Approve the claim and follow-up on Social Security"

"Cerosky, Kathleen discussed with Janette to close out her handling of the claim as not a good candidate for assisting with return to work"

3.   **03/17/2005** → Two Coca-Cola claim administrator's (email): → Quotes:

"Subject:  RE: J. Everson"

"I am talking with Liberty Mutual to get updated communications on this one (and flowers)" "FYI, I am going to work with them to audit everything they've done since 1/1/03 to make sure no other similar cases sneak out like these two have."

4. **03/29/2005** → Plaintiff's Termination letter from Liberty Mutual: (12 days after hostile Coca-Cola administrator's email) → Quotes: "Therefore, we have maintained our original decision that you are <u>no longer considered disabled</u> from your own occupation per the <u>Coca-Cola Company policy</u>, based on a full, fair and thorough review of your claim." Plaintiff's Coca-Cola classification: "Not disabled".

5. **03/30/2005** → Plaintiff's Termination letter from The Coca-Cola Company: (the next day) → Quotes: "We have been informed that you are <u>no longer eligible</u> for Long-Term Disability benefits." "As, a result, your employment with The Coca-Cola Company is being terminated effective March 30, 2005." Classification **"not disabled"**

6. **\*09/01/2013** → Early Retirement Pension started (2013 to 2023); Plaintiff's Coca-Cola classification "totally disabled"

7. Plaintiff was already "officially" declared permanently disabled <u>before</u> The Coca-Cola Company terminated plaintiff on the basis of her "disability" and classified plaintiff **"not disabled"**

8. TCCC email admitted working with Liberty Mutual and classified plaintiff's "disability" as a "sneak out" case (discrimination).

12. **Count IV:**            **Disability Discrimination (ADA)**

**42 U.S. Code § 12112 – Discrimination:**

"(3) Utilizing standards, criteria, or methods of administration—
  (A) That have the effect of discrimination on the basis of disability or
  (B) That perpetuates the discrimination of others who are subject to common administrative control;"
"(4) Excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an

individual with whom the qualified individual is known to have a relationship or association;"

IV. The Coca-Cola Company's Claims Administrators are "directly responsible" for this on-going discrimination against plaintiff; on the basis of plaintiff's disability, while utilizing standards and methods to deny/harm plaintiff without following policy procedures and without remediation. Defendants used their authority over plaintiff to exclude her rights in violation of the ADA laws.

**COUNT IV.    42 U.S. CODE § 12112 - DISCRIMINATION:   EVIDENCE**

1.  *Plaintiff paid Defendant TCCC a premium thru payroll deductions for: "disability" Insurance (LTD Buy-up Insurance).

2.  *Long Term "Disability" Summary Plan Description - The Coca-Cola Company → Quotes:

    "A note on Social Security benefits"

    "As long as you may be eligible for Social Security benefits, the claims administrator will estimate your Social Security income and deduct that amount from your LTD benefits until all appeal procedures have been exhausted."

3.  **08/29/2003** → Plaintiff's Coca-Cola disability "started".

    Plaintiff's last day at work.

    Plaintiff's Coca-Cola classification:  "Totally disabled"

4.  **\*08/29/2003** → Plaintiff was approved for "Permanent" Social Security Disability Insurance (SSDI) 2003 to 2023.

    Plaintiff's SSDI classification:  "Permanent disability"

13.  **COUNT V:          DISPARATE IMPACT:**

                      O.C.G.A. § 16-14-9 and O.C.G.A. § 16-14-9

     1.  Plaintiff repeat and re-allege each and every allegation above as if set forth herein Count I - IV.

2.      Defendants TCCC and Liberty Mutual conduct, as described herein, was malicious and oppressive, and done with a conscious disregard of plaintiff's humanitarian rights.

3.      The acts of defendant(s) were performed with the knowledge of an employer's economic power over its employees.

4.      Defendant(s) has maliciously and intentionally engaged in continuous outrageous and harmful conduct against the plaintiff.

5.      Plaintiff Jacqueline Everson has suffered extreme emotional distress as the result of the willful, malicious, harmful and intentional acts of defendants TCCC and Liberty Mutual.

6.      As a result of Defendant(s) actions, plaintiff and her family have suffered injury, including financial loss of sick pay and other entitled "disability" benefits, emotional pain, humiliation, inconvenience, and mental anguish.

7.      These facts prove one thing, if nothing else. Defendant TCCC and Liberty Mutual has continued to display an unlawful disregard for the plaintiff's humanitarian rights. Defendant(s) continues to display willful intentions and misconduct against plaintiff based on her "disability".

14.     **COUNT VI:        REMEDY TO RESTORE (ALL DEFENDANTS):**

OCGA § 23-4-2 & OCGA § 11-2-721 REMEDIES FOR FRAUD

a.      Issue a declaratory judgment holding that the actions of the defendants violated the rights of plaintiff under the Americans with Disabilities Act and Georgia law.

b.      Enter an order requiring the defendants to make plaintiff whole by awarding plaintiff equitable damages, compensatory damages, treble damages and punitive damages, cost to include legal fees, expenses, and pre-judgment and post-judgment interest and other related past/current taxes/fees.

c.    Plaintiff further prays for such other relief and benefits as the cause of justice may require.

d.    Defendant TCCC called plaintiff's claim a "sneak out" claim; a horrible and mean thing to say to a "disabled" employee with 17 years of excellent service.

The only justice would be to make disabled plaintiff financially whole.

1.    "Employee misclassification means a business has mistreated a worker, when it should have treated that worker as an employee."

2.    "Employee misclassification often means tax evasion, employee benefit deprivation, and a general breach of employee rights."

3.    "Businesses should take steps in their internal processes and contracting arrangements to ensure that no employee misclassification is occurring." Specifically, in this case two contradictory classifications "not disabled" and "totally disabled".

15.    **COUNT VII:**        **FEES AND COSTS (ALL DEFENDANTS)**

PURSUANT TO OCGA § 13-6-11

1.    Plaintiff re-alleges and incorporate by reference; COUNTS I-V with the same force and effect as if fully set out in specific detail herein below.

2.    All defendants have acted in bad faith and have caused plaintiff unnecessary harm, trouble and expenses.

3.    As a result of the defendant(s) conduct, plaintiff is entitled to attorney's fees and costs related to this litigation pursuant to OCGA § 13-6-11.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this action:

## JURY DEMAND

PLAINTIFF REQUEST A TRIAL BY A JURY:

Title 28 U.S.C. § 1870

RESPECTFULLY SUBMITTED,


JACQUELINE EVERSON
1530 Locust Log Way
Austell, Georgia   30168
Tel: 770-573-4038

- 11 -