**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JACQUELINE EVERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 1:23-cv-02947** |
| **THE COCA-COLA COMPANY,** | ) | |
| | ) | |
| **LIBERTY MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Defendant Liberty Mutual Insurance Company ("Liberty Mutual") submits this Motion to Dismiss Plaintiff's Complaint. Specifically, Liberty Mutual seeks dismissal of the Complaint for five reasons: 1) Plaintiff's state law causes of action in the Complaint pertaining to Plaintiff's claim for benefits are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA"); 2) Liberty Mutual Insurance Company did not issue the Group Disability Income Policy that is referenced in Plaintiff's Complaint and was not involved in the administration of Plaintiff's 2004 claim for benefits from that Policy, and thus, is not the proper defendant in this action; 3) the Complaint does not assert a cognizable claim under the ADA; 4) Plaintiff's claims in the

Complaint all pertain to Plaintiff's claim for benefits from the Policy and are the subject of Plaintiff's previous lawsuit filed on September 21, 2005, against Liberty Mutual Assurance Company; and thus, are barred by the doctrines of res judicata and/or collateral estoppel; and 5) Plaintiff's claims in the Complaint were not brought within the applicable statute of limitations.  Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true,[1] are insufficient to support the relief requested by Plaintiff.

In the Complaint, Plaintiff brings a claim pursuant to the Americans With Disabilities Act ("ADA") and seeks recovery under causes of action for disability discrimination and disparate treatment, presumably under 42 U.S.C. § 12112 (Complaint, ¶ 8, Counts I-IV, and ¶ 7 of Count V of the Complaint), along with state law causes of action under O.C.G.A Sections 16-14-9 (remedies). 11-2-721 (fraud), and 13-6-11 (bad faith/litigious conduct) (Complaint, Counts V, VI, and VII).  Plaintiff's claims and causes of action all stem from her allegation that she has been deemed disabled for the purposes of receiving early retirement benefits from The Coca-Cola Company's Pension Plan ("Pension Plan") but not deemed disabled under any other benefit plan or for any other purpose connected to her

---

[1] For the purposes of the Motion to Partially Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true.  However, Liberty Mutual does not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing its Motion and Memorandum or by any statement contained therein.

previous employment with The Coca-Cola Company ("Coca Cola") (Complaint, ¶ 8).

While the basis for any claim or cause of action against Liberty Mutual is unclear, the Complaint appears to seek relief based on Liberty Mutual's administration of Plaintiff's claim for benefits from The Coca-Cola Company Long Term Disability Benefit Plan ("LTD Plan") under the Group Disability Income Policy GF-850-281390-01 (the "LTD Policy) that was issued by Liberty Life Assurance Company of Boston ("Liberty Life") to Coca-Cola to insure benefits from the LTD Plan.

The only conduct of Liberty Mutual about which Plaintiff alleges constitutes "discrimination" in the Complaint pertains to Liberty Mutual's administration and denial of Plaintiff's claim for benefits from the LTD Plan under the LTD Policy (Complaint ¶ 8).  Plaintiff makes reference in the Complaint to a March 29, 2005, letter in which it states, "you are no longer considered disabled from your own occupation per the Coca-Cola Company policy" (Complaint ¶ 8), which directly refers to Plaintiff's claim for benefits from the LTD Plan under the LTD Policy. Therefore, it is clear that the Court must refer to the LTD Policy and the March 29, 2005, letter in assessing Plaintiff's ADA causes of action and her state law causes of action.  Accordingly, true and correct copies of the LTD Policy (Exhibit A) and

the March 29, 2005, letter from Liberty Life to Plaintiff (Exhibit B) are attached hereto and incorporated herein by reference.

Additionally, Liberty Life's denial of Plaintiff's claim for benefits was the subject of an action filed by Plaintiff on September 21, 2005, in the United States District Court for the Northern District of Georgia, Atlanta Division, styled Jacqueline Everson v. Liberty Mutual Assurance Company, CA 1:05-cv-02459 (the "2005 Action"). The Docket Sheet (Exhibit C), Plaintiff's Original Complaint (Exhibit D; 2005 Action Document 1), Findings of Fact and Conclusions of Law (Exhibit E; 2005 Action Document 77), Judgment (Exhibit F; 2005 Action Document 78), Dismissal of Appeal by the Eleventh Circuit (Exhibit G; 2005 Action Document 88), and U.S. Supreme Court's Denial of Certiorari (Exhibit H; 2005 Action Document 89) filed in the 2005 Action are all attached hereto as Exhibits as noted above and incorporated herein by reference.

The basis for this Motion is further set forth in Defendant's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint which is filed contemporaneously with this Motion and incorporated herein by reference.

## **REQUEST FOR RELIEF**

Liberty Mutual requests the Court dismiss Plaintiff's Original Complaint against it with prejudice, award Liberty Mutual its attorneys' fees and costs

pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and grant Liberty Mutual any other relief to which it shows itself justly entitled.

Dated this 31st day of July 2023.

Respectfully submitted,

DREW ECKL & FARNHAM, LLP

*/s/ Brian Johnson*
Brian Johnson, Esq.
Georgia Bar No. 394745

Drew, Eckl & Farnham, LLP
880 W. Peachtree Street
Atlanta, Georgia 30357
404/885-1400
404/876-0992 fax
Email:  johnsonb@deflaw.com

AND

s/ *Iwana Rademaekers*
Iwana Rademaekers, Esq.
Texas Bar No. 16452560
(*Pro Hac Vice* Application pending)

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

## LOCAL RULE 5.1C and 7.1D CERTIFICATION

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Times New Roman 14 Point, the font and point selections approved by this Court in Local Rule 5.1C.

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system.

I further certify that a true and correct copy of the foregoing has been sent via US Priority Mail to the following non-CM/ECF case participants:

> Jacqueline Everson
> 1530 Locust Log Way
> Austell, GA 30168
> Pro Se Plaintiff

> Respectfully submitted,
>
> DREW, ECKL & FARNHAM
>
> s/ *Brian Johnson*
> Brian Johnson, Esq.
> Georgia Bar No. 394745