**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JACQUELINE R. EVERSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| THE COCA-COLA COMPANY, | ) | 1:23-cv-02947-MLB-CMS |
| LIBERTY MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE COCA-COLA COMPANY'S MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................5

*Bickley v. Caremark RX, Inc.*,
   461 F.3d 1325 (11th Cir. 2006) .............................................................4

*Chiappa v. Cumulus Media, Inc.*,
   No. 1:20-CV-847-TWT, 2020 WL 7401745 (N.D. Ga. Dec. 17,
   2020) ......................................................................................................4

*Chrysler Fin. Servs. Americas, LLC v. Benjamin*,
   754 S.E.2d 157 (Ga. Ct. App. 2014)....................................................11

*Davila v. Delta Air Lines, Inc.*,
   326 F.3d 1183 (11th Cir. 2003) .............................................................7

*Everett v. Cobb Cnty. Sch. Dist.*,
   138 F.3d 1407 (11th Cir. 1998) .............................................................8

*Everson v. Coca-Cola Co.*,
   No. 1:05-CV-2301-RWS, 2006 WL 8432745 (N.D. Ga. Oct. 17,
   2006), *aff'd*, 241 F. App'x 652 (11th Cir. 2007)
   ...........................................................................................1, 2, 3, 4, 7, 9

*Karantsalis v. City of Miami Springs*,
   17 F.4th 1316 (11th Cir. 2021) ..............................................................8

*Lucas v. W.W. Grainger, Inc.*,
   257 F.3d 1249 (11th Cir. 2001) .............................................................8

*Neitzke v. Williams*,
   490 U.S. 319 (1989)................................................................................6

i

*In re Piper Aircraft Corp.*,
    244 F.3d 1289 (11th Cir. 2001) ..............................................................7

*Sheffield v. United Parcel Serv., Inc.*,
    403 F. App'x 452 (11th Cir. 2010) ........................................................9

*Stewart v. Booker T. Washington Ins.*,
    232 F.3d 844 (11th Cir. 2000) ..............................................................9

*Zillyette v. Cap. One Fin. Corp.*,
    179 F.3d 1337 (11th Cir. 1999) ............................................................9

## Statutes

Americans with Disabilities Act ..........................................6, 7, 8, 9, 10, 11

Civil Rights Act of 1964 Title VII ............................................................9

Employee Retirement Income Security Act ...................................4, 5, 6, 10

O.C.G.A. § 11-2-721.............................................................................6, 11

O.C.G.A. § 13-6-11...............................................................................6, 11

O.C.G.A. § 16-14-9...............................................................................6, 10

O.C.G.A. § 23-4-2.................................................................................6, 11

## Other Authorities

Fed. R. Civ. P. 9(b) ..............................................................................6, 11

Fed. R. Civ. P. 12(b)(6)..............................................................................5

ii

## INTRODUCTION

Plaintiff Jacqueline Everson ("Plaintiff") brings this case against Defendants The Coca-Cola Company ("Coca-Cola") and Liberty Mutual Insurance Company ("Liberty Mutual") seeking redress for events that occurred nearly two decades ago and to relitigate claims that have already been adjudicated by this Court.  Plaintiff has not worked at Coca-Cola since 2003, when she became an inactive employee and began receiving disability benefits.  Those benefits continued until 2005, when Liberty Mutual[1] determined that Plaintiff did not qualify for continued benefits. Because Plaintiff's job had been eliminated in a reorganization that occurred while she was on disability, Plaintiff's employment at Coca-Cola also ended in 2005. Plaintiff brought two separate lawsuits—one against Coca-Cola[2] and another against Liberty Mutual[3]—and she was given a full and fair opportunity to litigate claims relating to the 2005 termination of both her disability benefits and her employment. In 2006, Judge Story granted summary judgment to Coca-Cola on seven counts that

---

[1] The Complaint alleges that Defendant Liberty Mutual made the 2005 determination that Plaintiff seeks to challenge. (*See* Compl. at 2–3, ¶ 8; at 5–6, ¶ 11). Liberty Mutual, however, contends that a separate entity—Liberty Life Assurance Company of Boston—made the 2005 determination. (*See* Doc. 3-1 at 8–9).  Solely for the sake of clarity, Coca-Cola refers only to "Liberty Mutual" in this brief.

[2] *See Everson v. The Coca-Cola Company*, Case No. 1:05-cv-02301-RWS (N.D. Ga.).

[3] *See Everson v. Liberty Mutual Assurance Company,* Case No. 1:05-cv-02459-RWS (N.D. Ga.).

focused on the termination of her disability benefits and employment, and that decision was affirmed by the Eleventh Circuit. [4]

Now, nearly two decades later, Plaintiff seeks to relitigate those claims because she believes that Coca-Cola and Liberty have "worked together to discriminate against plaintiff; on the basis of her 'disability'" since her disability benefits and employment were terminated in 2005. (Compl. at 2–3, ¶ 8). But Plaintiff's stale claims cannot proceed for multiple reasons, and her Complaint against Coca-Cola should be dismissed with prejudice.

### BACKGROUND[5]

Plaintiff was employed at Coca-Cola as a senior financial analyst. (Compl. at 2, ¶ 7). In 2003, Plaintiff was diagnosed with a back condition and began receiving short-term disability benefits and Family Medical Leave Act ("FMLA") leave. *See id.* at 4, ¶ 1; *see also Everson I*, 2006 WL 8432745, at *1. After exhausting her short-term disability benefits and FMLA leave, Plaintiff applied for long-term disability. *See Everson I*, 2006 WL 8432745, at *1.

---

[4] *See Everson v. Coca-Cola Co.*, No. 1:05-CV-2301-RWS, 2006 WL 8432745 (N.D. Ga. Oct. 17, 2006) ("*Everson I*"), *aff'd*, 241 F. App'x 652 (11th Cir. 2007) ("*Everson II*").

[5] A more fulsome summary of the relevant background can be found in Judge Story's 2006 order granting Coca-Cola's motion for summary judgment on Plaintiff's claims concerning the termination of her disability benefits and her employment. *See Everson I*, 2006 WL 8432745, at *1–2.

Liberty Mutual initially approved Plaintiff for long-term disability. (*See* Compl. at 6, ¶ 2). However, after investigating Plaintiff's claim further, Liberty Mutual determined in February 2005 that she was not eligible for long-term disability benefits. *Everson I*, 2006 WL 8432745, at *2.

Plaintiff appealed Liberty Mutual's termination of her long-term disability benefits. (*See* Compl. at 7, ¶ 4). And, on March 29, 2005, Liberty Mutual denied Plaintiff's appeal. (*See id.* ("[W]e have maintained our original decision that you are no longer considered disabled from your own occupation per the Coca-Cola Company policy, based on a full, fair and thorough review of your claim.")). On March 30, 2005, Coca-Cola informed Plaintiff that her employment was terminated because her position had been eliminated in a reorganization that occurred while she was an inactive employee receiving disability benefits. *See also Everson I*, 2006 WL 8432745, at *2; *see also* Compl. at 7, ¶ 5.

On August 1, 2005, Plaintiff filed suit in the Fulton County Superior Court against Coca-Cola, which removed the action to this Court. *See Everson I*, 2006 WL 8432745, at *2. Plaintiff brought an array of claims against Coca-Cola, including claims for wrongful termination of her employment, interference with her long-term disability benefits, and wrongful termination of her disability and related benefits. *See id.* at *1.

3

On October 17, 2006, Judge Story granted Coca-Cola's motion for summary judgment on all of Plaintiffs' claims. *See id.* at *4–7. Plaintiff appealed, and on July 23, 2007, the Eleventh Circuit affirmed Judge Story's summary-judgment order. *See Everson II*, 241 F. App'x 652.

On September 1, 2013, Plaintiff began receiving early retirement benefits from The Coca-Cola Pension Plan. (Compl. at 5, ¶ 3). Those benefits commenced in 2013 because that is when Plaintiff reached the requisite age of 55,[6] and not because Coca-Cola "came to the conclusion that plaintiff was/is 'disabled' and eligible for early retirement pension benefit[s]", as erroneously alleged in the Complaint, (Compl. at 3, ¶ 8). Indeed, 2013 was the earliest date on which Plaintiff was eligible for retirement benefits as a "terminated vested participant" under the terms of the Pension Plan. (*See* Ex. A[7] at 38 (explaining that even "terminated vested

---

[6] *See* Doc. 3-1, Ex. D. at ¶ 5 (In her September 21, 2005 Complaint against Liberty Mutual, Plaintiff alleged that "[s]he is 47 years old"; meaning that, eight years later, in September 2013, Plaintiff was 55 years old).

[7] Coca-Cola attaches as Exhibit A a copy of the Summary Plan Description ("SPD") for the Coca-Cola Pension Plan. The Court may consider the Pension Plan SPD in deciding Coca-Cola's Motion to Dismiss because it is an Employee Retirement Income Security Act ("ERISA") Plan document that is central allegations in the Complaint. *See Chiappa v. Cumulus Media, Inc.*, No. 1:20-CV-847-TWT, 2020 WL 7401745, at *2 (N.D. Ga. Dec. 17, 2020) ("Courts may consider the terms of [ERISA] Plan documents when ruling on a Motion to Dismiss when they are central to the pleadings and undisputed in the sense that the authenticity of the document is not challenged."); *see also Bickley v. Caremark RX, Inc.*, 461 F.3d

4

participants" like Plaintiff qualify for early retirement on "the date you reach age 55, if [the participant] completed at least 10 years of vesting service at the time [the participant's] employment terminated"); *see also id.* at 26–27).[8]

## LEGAL STANDARD

Rule 12(b)(6) requires dismissal of a case when the complaint "fail[s] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Indeed, the Supreme Court has admonished that, "if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed, without regard to whether it is based on

---

1325, 1329 n.7 (11th Cir. 2006) (holding district court did not err in considering ERISA plan documents in ruling on motion to dismiss). Plaintiff's claims against Coca-Cola stem from her allegation that her disability status has something to do with her receiving benefits under the Pension Plan. Accordingly, the terms of the Pension Plan, including criteria for receiving benefits, are central to Plaintiff's claims and are incorporated by reference.

[8] As Plaintiff alleges in the Complaint, she completed "17 years of excellent service" at Coca-Cola before her employment was terminated. (Compl. at 10, ¶ d; *id.* at 2, ¶ 7).

an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quotations and citation omitted).  Rule 9(b) adds a heightened pleading requirement when the plaintiff alleges claims based on fraud.  Under Rule 9(b), the plaintiff must state "with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b).

## ARGUMENT

The Complaint purports to bring seven claims against Coca-Cola.  Counts I through IV allege discrimination on the basis of disability under the Americans with Disabilities Act ("ADA").  Counts V through VII purport to allege various theories based on Georgia law:  Count V alleges a "disparate impact" claim under O.C.G.A. § 16-14-9.  Count VI seeks "remedies for fraud" under O.C.G.A. § 23-4-2 and § 11-2-721.  And Count VII seeks attorney's fees and costs under O.C.G.A. § 13-6-11.

Plaintiff's purported ADA claims are barred by the doctrine of res judicata and by the applicable statute of limitations, and must be dismissed in any event because Plaintiff failed to exhaust her administrative remedies.  Plaintiff's purported claims under Georgia law fail to state a cause of action at all and would be preempted by ERISA even if they did.

6

I.     **Plaintiff's Purported Discrimination Claims Have Already Been Litigated and Are Time-Barred in Any Event.**

   A.     **Plaintiff's ADA Claims Are an Attempt to Relitigate the Events of 2005.**

Despite Plaintiff's assertion that Coca-Cola's alleged discrimination as "ongoing" or "current[]," the Complaint makes clear that Plaintiff seeks to relitigate the events of 2005. The Complaint describes only two possible adverse employment actions: the termination of Plaintiff's long-term disability benefits and the termination of her employment at Coca-Cola. Those events occurred in 2005 and have already been fully litigated in this Court. *See Everson I*, 2006 WL 8432745, at *4–7. As a consequence, any claims that arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate" are barred by res judicata. *See In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (holding that res judicata barred ADA claims challenging the termination of plaintiff's employment where he had previously litigated fraud and breach of contract claims challenging the same).

   B.     **Plaintiff's Purported ADA Claims Are Barred by the Applicable Statute of Limitations.**

Moreover, even if Plaintiff could state a discrimination claim under the ADA that is not barred by res judicata, it would still be barred by the applicable statute of limitations.

7

Where a federal statute does not contain a limitations period, like Title II of the ADA, courts look to the most analogous state statute of limitations. *See Karantsalis v. City of Miami Springs*, 17 F.4th 1316, 1320 (11th Cir. 2021). The Eleventh Circuit has held that "Georgia's two-year statute of limitations for personal injury actions should be applied to discrimination claims brought under Title II of the ADA and the Rehabilitation Act." *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1409–10 (11th Cir. 1998).

The only adverse employment actions alleged in the Complaint occurred in 2005—the termination of Plaintiff's long-term disability benefits and her employment at Coca-Cola. (*See* Compl. at 7, ¶¶ 4–5). Plaintiff cannot avoid the two-year limitations period that applies to her claims with conclusory allegations that Coca-Cola is "currently discriminating"—presumably because Plaintiff has still not received any disability benefits since they were terminated in 2005.

Nor can Plaintiff's receipt of Pension Plan benefits in 2013 be an adverse employment action that restarted the clock on her purported ADA claims. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001) ("An employment action is considered 'adverse' only if it results in some tangible, negative effect on the plaintiff's employment."). But even if it could, the two-year statute of limitations period on 2013 claims would still be expired.

8

**C.      Plaintiff's ADA Claims Must Be Dismissed for Failure to Exhaust Administrative Remedies.**

Finally, even assuming that Plaintiff had not previously litigated her claims regarding the termination of her disability benefits and employment in 2005 (and she has), and even assuming that the statute of limitations on those claims had not well and truly run (and it has), Plaintiff's ADA claims would still fail because she did not timely exhaust her administrative remedies.

"It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964." *Zillyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999).  In a state such as Georgia that does not have a state agency equivalent of the Equal Employment Opportunity Commission ("EEOC"), a plaintiff must "file a charge with the EEOC no more than 180 days after 'the alleged unlawful employment practice occurred.'" *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (quoting 42 U.S.C. § 2000e-5(e)(1)); *Sheffield v. United Parcel Serv., Inc.*, 403 F. App'x 452, 455 n.2 (11th Cir. 2010) (explaining that a 180-day limit applies in Georgia).  And Plaintiff was well aware of this requirement—Judge Story dismissed her claims against Coca-Cola in 2006 because, among other things, Plaintiff failed to file a charge with the EEOC.  *See Everson I*, 2006 WL 8432745, at *4.  Plaintiff has still not filed a charge with the EEOC concerning the alleged

9

discrimination described in her Complaint, and the 180-day window for doing so has long since closed.   As explained above, the only adverse employment actions identified in Plaintiff's Complaint occurred in 2005.  By any measure, the 180-day period to file a charge with the EEOC has expired, and Plaintiff's ADA claims are time-barred.

## II. Plaintiff's Remaining State Law Claims Either Fail to Identify a Cause of Action at All or Fail to State a Claim on Which Relief Can Be Granted.

The legal bases of Plaintiffs' remaining claims under Georgia law are difficult to discern.[9]  Count V purports to be a "disparate impact" claim under O.C.G.A. § 16-14-9.  But that section of Georgia's criminal code pertains to the supplemental nature of civil remedies under Georgia's criminal Racketeer Influenced and Corrupt Organizations ("RICO") statute.  It has no relevance here, where there has been no criminal prosecution for RICO and where Plaintiff has not alleged a civil RICO claim.  To the extent that the Complaint characterizes this as a "disparate impact" claim, Coca-Cola understands this to be a reformulation of her ADA discrimination claims, which Coca-Cola has already addressed above.

Count VI of the Complaint purports to seek "remedies for fraud" under

---

[9] And, as Liberty Mutual notes in its separate motion to dismiss, Plaintiffs' purported Georgia law claims would be preempted by ERISA in any event.  *See* Doc. 3-1 at 7–8.  For the sake of efficiency, Coca-Cola adopts Liberty Mutual's ERISA preemption argument and authorities and incorporates them fully herein.

O.C.G.A. § 23-4-2 and § 11-2-721. Section 23-4-2 governs how to plead a claim for extraordinary remedies under Georgia law, and Section 11-2-721 outlines the remedies for fraud under Georgia's commercial code. Neither has any application here. However, to the extent this claim seeks a "declaratory judgment holding that the actions of the defendants violated the rights of plaintiff under the Americans with Disabilities Act and Georgia law" or other damages, Coca-Cola understands that claim to be a request for relief available under the ADA, and those claims are addressed above. And to the extent that Plaintiff is attempting to plead some kind of fraud claim, the Complaint has clearly failed to plead any such claim with the particularity required under Rule 9(b).

Finally, Count VII seeks attorney's fees and costs pursuant to O.C.G.A. § 13-6-11. But because the Complaint fails to state any claim on which relief can be granted, Plaintiff is not entitled to any fees or costs. In any event, Plaintiff is proceeding *pro se*, so she is not entitled to attorney's fees. *See Chrysler Fin. Servs. Americas, LLC v. Benjamin*, 754 S.E.2d 157, 160 (Ga. Ct. App. 2014) (*pro se* litigants who are not attorneys may not recover attorneys' fees).

## CONCLUSION

For the foregoing reasons, Coca-Cola respectfully requests that this Court grant its motion to dismiss.

Respectfully submitted this 4th day of August, 2023.

/s/ Darren A. Shuler
Darren A. Shuler (Ga. Bar No. 644276)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Fax: (404) 572-5100
Email: dshuler@kslaw.com

*Attorneys for Defendant The Coca-Cola Company*

12

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, in compliance with Local Rule 5.1(C), that the foregoing pleading has been prepared using 14-point Times New Roman font, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

*/s/ Darren A. Shuler*
Darren A. Shuler
Georgia Bar No. 644276

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2023, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF and mailed a copy to:

Jacqueline R. Everson
1530 Locust Log Way
Austell, GA  30168

This 4th day of August, 2023.

*/s/ Darren A. Shuler*
Darren A. Shuler
Georgia Bar No. 644276