**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JACQUELINE R. EVERSON,            )
                                  )
              Plaintiff,          )
                                  )
vs.                               )
                                  )    Case No. 1:23-CV-02947 ԱLB
                                  )
THE COCA-COLA COMPANY,            )
                                  )
LIBERTY MUTUAL INSURANCE          )
COMPANY,                          )
                                  )
              Defendant.          )

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 11 2023

KEVIN P WEIMER, Clerk
By:                Deputy Clerk

## <u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS MOTION TO DISMISS</u>

Pursuant to Rules 12(c) of the Federal Rules of Civil Procedure, Plaintiff,

Jacqueline Everson ("Plaintiff") submits this Motion for Summary Judgment

and Memorandum of Law in support of Motion for Summary Judgment against

Defendants ("Def's"); The Coca-Cola Company's ("Coca-Cola") and Answers

Liberty Mutual Insurance Company's ("Liberty Mutual") Motion to Dismiss

Plaintiff's Complaint for six reasons: 1) Plaintiff's federal law and state law

causes of action in the Complaint is not for the "one and only" LTD benefit

policy provided by Liberty Mutual. This is a claim for ongoing discrimination

of Plaintiff's civil rights solely on the basis of Plaintiff's disability under the

Americans with Disabilities Act, 1990 ("ADA") and is not preempted by ERISA. Plaintiff has a right to sue letter from EEOC (Exhibit A); 2) Liberty Mutual Insurance Company is the proper defendant in this action as administrator for "The Coca-Cola Company" to evaluate, manage and decide all employee (long-term) disability status; "disabled" or "not disabled" using Social Security as the standard; (Exhibit D); 3) Plaintiff's Complaint against Defendants is a recognizable cause of action in multiple discrimination violations under ADA; U.S.C. § 12111 Subchapter I – EMPLOYMENT, 42 U.S. Code § 12112 – Discrimination. The Second Circuit held that disabled former employees have an ADA cause of action for benefits discrimination, provided the former employee was a "qualified individual" during the term of his employment; 4) Plaintiff's claims in the Complaint against Liberty Mutual do not pertain to a claim for a "single" LTD benefit from the only Policy issued by Liberty Mutual under ERISA; a policy issued for "one" LTD benefit. Instead, Plaintiff's claims are for ongoing discrimination on the basis of her disability; violations of Plaintiff's civil rights under ADA. Therefore, Plaintiff's claims for discrimination violations, is not barred by the doctrines of res judicata and/or collateral estoppel; 5) Plaintiff's claims in the Complaint were brought within the applicable statue of limitations. Accordingly, Plaintiff has a right to sue letter from the EEOC for acts of discrimination under ADA (Exhibit A); and thus, Plaintiff's claims are sufficient

to support the relief requested by the Plaintiff; 6) Coca-Cola's Answer to Plaintiff's Complaint is in default for failure to answer within 30 days as required by Georgia law. Liberty Mutual Insurance Company continues to operate with disrespect for the law and Plaintiff's disability. Plaintiff is asking the Court to Dismiss Liberty Mutual Company's Motion to Dismiss and Memorandum of Law in Support of Defendant Liberty Mutual's Motion to Dismiss, with prejudice.

## I.
## FACTS IN THE COMPLAINT

Plaintiff was a Sr. Financial Analyst employed by The Coca-Cola Company from 1988 to 2005. Plaintiff was terminated in 2005 after being classified "no longer considered disabled" (Exhibit H, I). In 2003, Plaintiff became ill and was diagnosed thru an MRI of her cervical spine. Plaintiff's 2003, MRI records from Liberty Mutual's file diagnosed Plaintiff with a severe cervical spine condition: "myelomalacia (cord disease), C4-5 Right posterolateral focal disc herniation exerting a mass effect upon the right and left central nerve roots (Exhibit Q). Plaintiff's 2004, EMG test records from Liberty Mutual's file diagnosed Plaintiff with muscle atrophy (loss) and severe nerve damage: Bilateral and mid cervical radiculopathies (Exhibit R). Plaintiff's 2004, Neurological Exam records from Liberty Mutual's file diagnosis is: "Myeloradiculopathy (spinal cord and spinal nerve root damage) with evidence of flattening of the spinal cord" (Exhibit S).

3

In 2005, Plaintiff was terminated by Coca-Cola and Liberty Mutual after a "not disabled' classification by Liberty Mutual (Exhibit H, I). Coca-Cola and Liberty Mutual would NOT have been able to classify Plaintiff "not disabled" and as a "sneak out case" if they had not discriminated against Plaintiff's Social Security Disability decision violating their own Social Security Policy requirement and discriminating against Plaintiff on the basis of her disability in violation of ADA. Coca-Cola and Liberty Mutual did not mention one time that Plaintiff was approved for permanent Social Security disability. Coca-Cola and Liberty Mutual did not mention one time that they had a Social Security Policy. Defendants are hiding facts that discriminate against Plaintiff solely on the basis of her disability in violation of ADA and other Georgia laws. This is fraudulent and unlawful employment practices.

4

## II.
## ARGUMENT AND AUTHORITIES

### A.   STANDARD GOVERNING RULE 12(c) MOTION FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 12(c) a court may grant Summary Judgment when a Complaint states a claim upon which relief can be granted. Plaintiff has a right to sue letter from EEOC for violations under ADA (Exhibit A). Plaintiff's Motion for Summary Judgment includes clear factual evidence to back up Plaintiff's Complaint and support multiple claims of violations under ADA. Plaintiff has sufficient evidence supported by facts to back up all charges of discrimination solely on the basis of Plaintiff's disability in violation of ADA. Plaintiff has provided clear facts that are consistent with Plaintiff's allegations of discrimination on the basis of her disability and relief should be granted based on truthful evidence. Summary   Judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is

5

inappropriate by designating specific facts showing a genuine issue for trial. *Graham v. State Farm Mut. Ins. Co.,* 193 F.3d 1274, 1282 (11th Cir. 1999). The non-moving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." *Id.* The Court must view all evidence in the light most favorable to the party opposing the motion and must resolve all reasonable doubts in the non-movant's favor. *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.,* 894 F.2d 1555, 1558 (11th Cir. 1990). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury. . . ." *Graham,* 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." *Herzog,* 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Plaintiff's Complaint specifically references all Plaintiff's Coca-Cola employment records related to her "disability" and ongoing discrimination acts against the Plaintiff all on the basis of her disability; Under ADA laws. Plaintiff's

6

evidence is attached to this Memorandum in Support of Summary Judgment (Exhibits A to S).

Coca-Cola and Liberty Mutual are hiding evidence in this case that confirms Plaintiff is permanently disabled by the Social Security Administration since her last day at work and to this present day. Coca-Cola and Liberty Mutual did not mention Plaintiff's Social Security decision, not even one time. Coca-Cola and Liberty Mutual continue to maintain that Plaintiff is "not disabled". Plaintiff is providing clear evidence of fraud and discrimination solely on the basis of Plaintiff's disability under the rules of the Social Security Administration (Exhibit B).

Coca-Cola has no respect for the law and has filed their Answer to Plaintiff's Complaint (August 4, 2023) after the 30 day time set by the Rules of Civil Procedures without leave. Coca-Cola's Motion to Dismiss is in default. Coca-Cola's Motion to Dismiss should be denied, with prejudice under O.C.G.A. 9-11-12 (2010).

B.      **PLAINTIFF FEDERAL AND STATE LAW CAUSES IS NOT PREEMPTED BY ERISA**

Plaintiff's Federal and State law causes under ADA are for multiple discrimination violations on the basis of Plaintiff's disability and is not preempted by ERISA. Plaintiff has a right to sue letter from EEOC for discrimination under ADA (Exhibit A). "Ninth Circuit disposition - It held that

7

the continuing violation doctrine "allows courts to consider conduct that would ordinarily be time-barred 'as long' as the untimely incidents represent an ongoing unlawful employment practice.'" Morgan, 232 F. 3d 108, 1014 (9th Cir. 2000) (quotation omitted); In fact, Coca-Cola, the Plaintiff's employer is the sponsor for the Disability Policy presented by Liberty Mutual (LM Motion, Exhibit A). Coca-Cola is not a "party" to the ERISA case referenced; as required by ERISA § 502 Enforcement laws requiring both defendants. "ERISA § 502. CIVIL ENFORCEMENT; The plan sponsor establishes the plan and is the primary obligor responsible to satisfy the promises it made to covered workers as detailed in the written plan contract. In order to enforce the sponsor's promises and to collect any possible judgment obtained in a § 502(a)(1)(B) benefits claim, the obligor under the plan contract (the sponsor), plus any other party that assumes liability under the plan contract by agreement with the plan sponsor (a trustee or an insurer), must be party defendants." Coca-Cola is the defendant in all other Coca-Cola employee ERISA cases accept the Plaintiff's (LM Motion, Exhibit D). Plaintiff's ERISA case lasted from (2005 to 2009), (Def's Motion Exhibit D, E). These are Coca-Cola employee ERISA cases before, during, and after Plaintiff's ERISA case; See: *Byars v. Coca-Cola Civil Action File No. 1:01-CV-3124-TWT (N.D. Ga. Mar. 18, 2004)*. Palmeri v. Coca-Cola Company *Civil Action File No. 1:01-CV-3498-TWT (N.D. Ga. Aug. 28, 2006)*. Bleier v. Coca-Cola Civil Action

8

File No. 1:06-CV-697-TWT (N.D. Ga. Oct. 13, 2006). Perras v. The Coca-Cola Company of North America, 1:2019-cv-01831 (11th Cir. 2022). Plaintiff's ADA and related claims are proper under Federal and State law and are not preempted by ERISA.

## C.      LIBERTY MUTUAL IS A PROPER DEFENDANT

Liberty Mutual owned Liberty Life until it was sold to Lincoln Financial Group (Exhibit M). Liberty Mutual is a proper defendant as "agent" for Coca-Cola, See Liberty Mutual letterhead (Exhibit D). Liberty Mutual committed the first ADA violation against Plaintiff by requiring her to apply for Social Security Disability and would not accept it to this day (Exhibit D ¶ page 2). O.C.G.A. § 16-2-22: 1. "Agent" means any director, officer, servant, employee, or other person who is authorized to act in behalf of the corporation. Liberty Mutual is the only defendant in Plaintiff's Coca-Cola ERISA case (LM Motion, Exhibit D). Coca-Cola is a proper defendant as Plaintiff's "employer". "Although O.C.G.A. § 16-9-50, defining the crime of deceptive business practices, does not contain in the statutory definition any indication of a legislative purpose to impose liability on a corporation, the state is not required to allege the provisions of O.C.G.A. § 16-2-22 in accusations under § 16-9-50, but only to prove that defendant corporation or managerial agent authorized deceptive practices. State v. Military Circle Pet Ctr. No. 94, Inc., 257 Ga. 388, 360 S.E.2d 248 (1987). Liberty Mutual

9

committed a crime O.C.G.A. § 16-2-1, O.C.G.A. § 16-2-20, with criminal responsibilities of a corporation § 16-2-22. Liberty Mutual saved Coca-Cola money thru discrimination against the Plaintiff on the basis of her disability (Exhibit D). Liberty Mutual has an affirmative duty to determine whether an employee is "disabled" or "not disabled". See Liberty Mutual letter to Plaintiff: Quote: "Based on the definition of disability and the medical information in our file, you qualify" (Exhibit D). Likewise, "the broader statutory context" underlying the acts "demonstrates that Coca-Cola impose a continuing duty for Liberty Mutual as "agent" to report employee disability classifications. That is, "[b]y monitoring the employee "disability" status; The Coca-Cola Company evidently imposed an ongoing duty for Liberty Mutual to review Plaintiff's disability classification (Exhibit H). Thus, "if the actor under the affirmative duty keeps failing to act while the underlying problem remains unremedied, then the repeated instances of inaction constitute old and new violations." Liberty Mutual had Plaintiff's SSDI proof within their possession before the ERISA pretrial: See pretrial order filed by Liberty Mutual on 08/07/07 (Exhibit C ¶ 31). Liberty Mutual has me classified as "not disabled" to this day. Plaintiff asks the Court and Liberty Mutual to forgive her error in stating that Plaintiff is classified "totally disabled" as a requirement to receive Early Retirement Pension. Coca-Cola also erroneously stated an error in the Background section of its Motion to

Dismiss; Quote "In 2003, Plaintiff was diagnosed with a back condition" (Plaintiff has never had a back condition). Coca-Cola had a copy of Plaintiff's MRI of her cervical spine (neck) since 2003, also used by Liberty Mutual to classify Plaintiff as "totally disabled from working" (Exhibit E, F). Accordingly, Liberty Mutual is a proper defendant pursuant to Georgia law and ADA as an "agent" for The Coca-Cola Company. Liberty Mutual accepted liability for Coca-Cola as "agent" in deciding employee disability classifications and its benefit disputes in (ERISA) and is a party to "multiple" violations under the Americans with Disability Act, of 1990 and other laws; by discriminating against a qualified individual with a known disability thru discrimination and misclassification. Both defendants are proper parties in Plaintiff's Complaint as set forth in the evidence by this Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment.

### D.   <u>PLAINTIFF'S CLAIMS ARE RECOGNIZED UNDER ADA</u>

Plaintiff's has an EEOC right to sue letter for ADA violations. All Plaintiff's claims for discrimination on the basis of her disability are violations of Plaintiff's civil rights. Under ADA, 42 U.S.C. § 12111 Prohibits covered employers from discriminating against people with disabilities in all employment-related activities. 42 U.S.C. § 12112(a) (1994) (prohibiting discrimination "against a qualified individual with a disability"); Gonzales v.

Garner Food Servs., Inc., 89 F.3d 1523, 1529 (11th Cir. 1996) (stating that "interpreting the ADA to allow any disabled former employee to sue a former employer essentially renders the [qualified individual with a disability] requirement. Universal Citation: GA Code § 34-6A-4 (2020) Prohibited discriminatory activities against persons with disabilities. Plaintiff has a right to sue letter from EEOC for ADA discrimination violations (Exhibit A). Therefore, Plaintiff's claims for discrimination violations are recognized under ADA and Georgia laws.

E.    **PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE DOCTRINES FOF RES JUDICATA AND /OR COLLATERAL ESTOPPEL**

All Plaintiff's claims are for discrimination solely on the basis of her disability and violations of Plaintiff's civil rights under ADA, 42 U.S.C. § 12111 Prohibits covered employers from discriminating against people with disabilities in all employment-related activities. 42 U.S.C. § 12112(a) (1994) (prohibiting discrimination "against a qualified individual with a disability"); Gonzales v. Garner Food Servs., Inc., 89 F.3d 1523, 1529 (11th Cir. 1996) (stating that "interpreting the ADA to allow any disabled former employee to sue a former employer essentially renders the [qualified individual with a disability] requirement. Plaintiff has a right to sue letter from EEOC for ADA discrimination violations (Exhibit A). Therefore, Plaintiff's claims for

discrimination violations under ADA, is not barred by the doctrines of res judicata and/or collateral estoppel.

## F.  **PLAINTIFF'S LAWSUIT IS WITHIN THE APPLICABLE STATUE OF LIMITATIONS**

Plaintiff's claims of discrimination under ADA were brought within the applicable statue of limitation. Plaintiff has an EEOC right to sue letter for Americans with Disabilities violations (Exhibit A). This is not an ERISA claim. Therefore, Plaintiff's lawsuit is timely.

## G.  **DEFENDANT COCA-COLA IS IN DEFAULT FOR FAILURE TO ANSWER COMPLAINT WITHIN 30 DAYS AS REQUIRED**

Plaintiff is opening as a matter of right, judgement against Defendant Coca-Cola (default) for failure to Answer Plaintiff's Complaint in 30 days as required by law, GA Code § 9-11-55 (2020). Plaintiff is asking the Court to Dismiss The Coca-Cola Company's Motion to Dismiss with prejudice and not allow Defendant's Motion to Dismiss as part of the record. Time for filing answer in court of record may not be varied. - When the legislature declares a particular county court to be a court of record, thus bringing the court under the provisions of the Civil Practice Act (see now O.C.G.A. Ch. 11, T. 9), it cannot constitutionally thereafter, either in the same Act or in a subsequently enacted law, vary the rules of practice and procedure provided for in that Act by adding provisions requiring defendants to file defensive pleadings sooner than 30 days

13

after service of the complaint on the defendants. Gresham v. Symmers, 227 Ga. 616, 182 S.E.2d 764 (1971).

## REQUEST FOR RELIEF

Finally, Plaintiff seeks relief that will make her whole. Plaintiff seeks compensation for the ongoing egregious abuse on the basis of her disability under O.C.G.A. 23-4-2 (2010) Remedy and under ADA 42 U.S.C. § 12111 Subchapter I – Employment and multiple violations under 42 U.S.C. § 12112 – Discrimination and all other federal and state laws upon which relief may be granted.

RESPECTFULLY SUBMITTED,

JACQUELINE EVERSON
1530 Locust Log Way
Austell, Georgia 30168
Tel: 770-573-4038

14

## LOCAL RULE 5.1C AND 7.1D CERTIFICATION

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Times New Roman 14 Point, the font and point selections approved by this Court in Local Rule 5.1C.