**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 11 2023

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

JACQUELINE R. EVERSON,          )
                                )
        Plaintiff,              )
                                )
vs.                             )
                                )   Case No. 1:23-CV-02947 MLB
                                )
THE COCA-COLA COMPANY,          )
                                )
LIBERTY MUTUAL INSURANCE        )
COMPANY,                        )
                                )
        Defendant.              )

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Rules 12(c) of the Federal Rules of Civil Procedure, Plaintiff, Jacqueline Everson ("Plaintiff") submits this Motion for Summary Judgment and Memorandum of Law in support of Motion for Summary Judgment against Defendants ("Def's"); The Coca-Cola Company's ("Coca-Cola") and Answers Liberty Mutual Insurance Company's ("Liberty Mutual") Motion to Dismiss Plaintiff's Complaint for six reasons: 1) Plaintiff's federal law and state law causes of action in the Complaint is not for the "one and only" LTD benefit policy provided by Liberty Mutual. This is a claim for ongoing discrimination of Plaintiff's civil rights solely on the basis of Plaintiff's disability under the

Americans with Disabilities Act, 1990 ("ADA") and is not preempted by ERISA. Plaintiff has a right to sue letter from EEOC (Exhibit A); 2) Liberty Mutual Insurance Company is the proper defendant in this action as administrator for "The Coca-Cola Company" to evaluate, manage and decide all employee (long-term) disability status; "disabled" or "not disabled" using Social Security as the standard; (Exhibit D); 3) Plaintiff's Complaint against Defendants is a recognizable cause of action in multiple discrimination violations under ADA; U.S.C. § 12111 Subchapter I – EMPLOYMENT, 42 U.S. Code § 12112 – Discrimination. The Second Circuit held that disabled former employees have an ADA cause of action for benefits discrimination, provided the former employee was a "qualified individual" during the term of his employment; 4) Plaintiff's claims in the Complaint against Liberty Mutual do not pertain to a claim for a "single" LTD benefit from the only Policy issued by Liberty Mutual under ERISA; a policy issued for "one" LTD benefit. Instead, Plaintiff's claims are for ongoing discrimination on the basis of her disability; violations of Plaintiff's civil rights under ADA. Therefore, Plaintiff's claims for discrimination violations, is not barred by the doctrines of res judicata and/or collateral estoppel; 5) Plaintiff's claims in the Complaint were brought within the applicable statue of limitations. Accordingly, Plaintiff has a right to sue letter from the EEOC for acts of discrimination under ADA (Exhibit A); and

thus, Plaintiff's claims are sufficient to support the relief requested by the Plaintiff. 6) Coca-Cola's Answer to Plaintiff's Complaint is in default for failure to answer within 30 days as required by Georgia law. The Coca-Cola Company continues to operate with disrespect for the law and Plaintiff's disability. Plaintiff is asking the Court to Dismiss The Coca-Cola Company's Motion to Dismiss and Memorandum of Law in Support of Defendant Coca-Cola's Motion to Dismiss, with prejudice.

## **INTRODUCTION**

Plaintiff Jacqueline Everson brings this case against Coca-Cola and Liberty Mutual for acts of ongoing discrimination and multiple violations under the Americans with Disabilities Act, 1990 ("ADA"). Plaintiff is not retrying her ERISA claim which was for "one" disability benefit thru a policy issued by Liberty Mutual; an ERISA case in which Coca-Cola was not a defendant (LM Motion ¶ Exhibit D). Coca-Cola relied on Liberty Mutual to determine Plaintiff's disability status thru a medical evaluation, Liberty Mutual's 1st evaluation on Plaintiff is claim note 19: Quote "follow-up on Social Security" "not a good candidate for assisting with return to work" (Exhibit E). Liberty Mutual's disability policy states the standard used to determine disability status, Quote: "Your policy requires that you apply for Social Security Disability Benefits" "Our records indicate you have applied (Exhibit D ¶ Page 2). Liberty

3

Mutual had Plaintiff's Social Security approval letter within their possession prior to trial; in the pretrial documents filed by Liberty Mutual in the ERISA case (Exhibit C). Coca-Cola and Liberty Mutual violated the ADA laws by discriminating against Plaintiff's Social Security decision; by not accepting it (Exhibit B). Coca-Cola and Liberty Mutual discriminated against their own doctor, plaintiff's treating doctor and Plaintiff's permanent disabled Social Security decision. Coca-Cola and Liberty Mutual are hiding the fact that Social Security is their Policy requirement and is hiding this fact to discriminate against Plaintiff on the basis of her disability, to deny Plaintiff all privileges of employment which is ongoing to this very day, in violation of ADA laws.

Coca-Cola and Liberty Mutual did not mention Plaintiff's "Social Security Administration decision" not one time and that Social Security found Plaintiff is permanently disabled since her last day at work. Plaintiff asks the Court and Coca-Cola to forgive her error in stating that Plaintiff is classified "totally disabled" as a requirement to receive Early Retirement Pension. Coca-Cola also erroneously stated an error in the Background section of its Motion to Dismiss; Quote "In 2003, Plaintiff was diagnosed with a back condition" (Plaintiff has never had a back condition). Coca-Cola had a copy of Plaintiff's MRI of her cervical spine (neck) since 2003, also used by Liberty Mutual to classify Plaintiff as "totally disabled from working" (Exhibit E). Plaintiff

4

recently discovered a Coca-Cola policy on "Social Security Benefits" Quote: "As long as you may be eligible for Social Security benefits, the claim administrator will estimate your Social Security income and deduct that amount from your LTD benefits until all appeal procedures have been exhausted." (Exhibit P ¶ page 5). Plaintiff recently contacted Coca-Cola concerning ongoing discrimination and Plaintiff referenced the Coca-Cola Policy on Social Security and did not get an answer [Coca-Cola Case Number – HLP-2023-71237] (Exhibit K). Coca-Cola did not wait for Plaintiff's Social Security decision as stated in their Policy and when Plaintiff was fully approved Coca-Cola would not accept it and terminated Plaintiff from all privileges of employment and violated their own Social Security Policy, in violation of ADA laws. Liberty Mutual also had Plaintiff's Social Security decision and would not acknowledge it and violated its own Social Security Policy discriminating against Plaintiff on the basis of her disability in violation of ADA. Plaintiff is proper in bringing this claim and is not time barred from ongoing ADA discrimination. Plaintiff has an EEOC right to sue letter for charges of discrimination and violations under ADA (Exhibit A). March 17, 2005, The Coca-Cola Benefit manager email confirms working with Liberty Mutual to (bury) put an end to Plaintiff's "totally disabled" classification working with Liberty Mutual's help:

Quote: "Subject RE: J. Everson" "I am talking with Liberty Mutual to get updated communications on this one (and Flowers)" "FYI, I am going to work with them" "to make sure no other similar cases sneak out like these two have" (Exhibit G). Coca-Cola and Liberty Mutual would NOT have been able to classify Plaintiff "not disabled" and as a "sneak out case" if they had not discriminated against Plaintiff's Social Security Disability decision violating their own Social Security Policy requirement in violation of ADA.

## BACKGROUND

Plaintiff was a Sr. Financial Analyst employed by The Coca-Cola Company from 1988 to 2005. Plaintiff was terminated in 2005 after being classified "no longer considered disabled" (Exhibit H, I). In 2003, Plaintiff became ill and was diagnosed thru an MRI of her cervical spine. Plaintiff's 2003, MRI records from Liberty Mutual's file diagnosed Plaintiff with a severe cervical spine condition: "myelomalacia (cord disease), C4-5 Right posterolateral focal disc herniation exerting a mass effect upon the right and left central nerve roots (Exhibit Q). Plaintiff's 2004, EMG test records from Liberty Mutual's file diagnosed Plaintiff with muscle atrophy (loss) and severe nerve damage: Bilateral and mid cervical radiculopathies (Exhibit R). Plaintiff's 2004, Neurological Exam records from Liberty Mutual's file diagnosis is:

6

"Myeloradiculopathy (spinal cord and spinal nerve root damage) with evidence of flattening of the spinal cord" (Exhibit S).

In 2005, Plaintiff was terminated by Coca-Cola and Liberty Mutual after a "not disabled' classification by Liberty Mutual (Exhibit H, I). Coca-Cola and Liberty Mutual would NOT have been able to classify Plaintiff "not disabled" and as a "sneak out case" if they had not discriminated against Plaintiff's Social Security Disability decision violating their own Social Security Policy requirement and discriminating against Plaintiff on the basis of her disability in violation of ADA. Coca-Cola and Liberty Mutual did not mention one time that Plaintiff was approved for permanent Social Security disability. Coca-Cola and Liberty Mutual did not mention one time that they had a Social Security Policy. Defendants are hiding facts that discriminate against Plaintiff on the basis of her disability in violation of ADA and other laws. This is fraudulent and unlawful employment practices.

**LEGAL STANDARD**

Under <u>Federal Rule of Civil Procedure 12(c)</u> a court may grant Summary Judgment when a Complaint states a claim upon which relief can be granted. Plaintiff has a right to sue letter from EEOC for violations under ADA (Exhibit A). Plaintiff's Motion for Summary Judgment includes clear factual evidence to back up Plaintiff's Complaint and support multiple claims of violations under

ADA. Plaintiff has sufficient evidence supported by facts to back up all charges of discrimination solely on the basis of Plaintiff's disability in violation of ADA. Plaintiff has provided clear facts that are consistent with Plaintiff's allegations of discrimination on the basis of her disability and relief should be granted based on truthful evidence. Summary  Judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. *Herzog v. Castle Rock Entm't,* 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. *Graham v. State Farm Mut. Ins. Co.,* 193 F.3d 1274, 1282 (11th Cir. 1999). The non-moving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." *Id.* The Court must view all evidence in the light most favorable to the party opposing the motion and must resolve all reasonable doubts in the non-movant's favor. *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.,* 894 F.2d 1555, 1558 (11th Cir. 1990). "[C]redibility determinations, the

weighing of evidence, and the drawing of inferences from the facts are the function of the jury. . . ." *Graham,* 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." *Herzog,* 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Plaintiff's Complaint specifically references all Plaintiff's Coca-Cola employment records related to her "disability" and ongoing discrimination acts against the Plaintiff all on the basis of her disability; Under ADA laws. Plaintiff's evidence is attached to this Memorandum in Support of Summary Judgment (Exhibits A to S).

Coca-Cola and Liberty Mutual are hiding evidence in this case that confirms Plaintiff is permanently disabled by the Social Security Administration since her last day at work and to this present day. Coca-Cola and Liberty Mutual did not mention Plaintiff's Social Security decision, not even one time. Coca-Cola and Liberty Mutual continue to maintain that Plaintiff is "not disabled". Plaintiff is providing clear evidence of fraud and

9

discrimination solely on the basis of Plaintiff's disability under the rules of the Social Security Administration (Exhibit B).

Coca-Cola has no respect for the law and has filed their Answer to Plaintiff's Complaint (August 4, 2023) after the 30 day time set by the Rules of Civil Procedures without leave. Coca-Cola's Motion to Dismiss is in default. Coca-Cola's Motion to Dismiss should be denied, with prejudice under O.C.G.A. 9-11-12 (2010).

## ARGUMENT

Plaintiff's has an EEOC right to sue letter for ADA violations. All Plaintiff's claims for discrimination on the basis of her disability are violations of Plaintiff's civil rights. Under ADA, 42 U.S.C. § 12111 Prohibits covered employers from discriminating against people with disabilities in all employment-related activities. 42 U.S.C. § 12112(a) (1994) (prohibiting discrimination "against a qualified individual with a disability"); Gonzales v. Garner Food Servs., Inc., 89 F.3d 1523, 1529 (11th Cir. 1996) (stating that "interpreting the ADA to allow any disabled former employee to sue a former employer essentially renders the [qualified individual with a disability] requirement. Universal Citation: GA Code § 34-6A-4 (2020) Prohibited discriminatory activities against persons with disabilities. Plaintiff has a right to sue letter from EEOC for ADA discrimination violations (Exhibit A). Therefore,

10

Plaintiff's claims for discrimination violations under ADA, is not barred by the doctrines of res judicata and/or collateral estoppel.

I.    **Plaintiff's ADA Claims of discrimination have not been litigated and are not time barred.**

A.    **Plaintiff's ADA claims are not an attempt to relitigate an ERISA claim for one LTD benefit from 2005.**

Plaintiff's claims are for multiple violations under ADA for ongoing discrimination against Plaintiff solely on the basis of Plaintiff's disability harming her everyday. Plaintiff can name seven adverse employment actions against Plaintiff's solely on the basis of her disability. 1. Coca-Cola is discriminating against their own policy on Social Security Benefits, by not accepting Plaintiff's Social Security results with knowledge of Plaintiffs Social Security decision (Exhibit P ¶ Page 2); 2. Coca-Cola accepts Social Security decisions for other employees but not for the Plaintiff (Exhibit B); 3. Coca-Cola's Benefit Manager described Plaintiff's claim as a "sneak out" describing Plaintiff like a thief. This is a terrible thing to say about a severely disabled employee, with severe medical evidence and 17 years of excellent service to Coca-Cola (Exhibit G); 4. Coca-Cola continues to maintains to this very day, that Plaintiff is "not disabled" with evidence from Social Security causing Plaintiff ongoing mental and physical harm (Exhibit B); 5. Coca-Cola threw

Plaintiff out like trash and did not even give her severance pay with knowledge of Plaintiff inability to work after 17 years of excellent service (Exhibit H, I);

6. Coca-Cola did not make known to this Court that they have a Coca-Cola Social Security Benefit Policy. Coca-Cola did not make it known to this Court that Plaintiff is permanently disabled by Social Security since her last day at work (a qualified individual with a known disability) (Exhibit C); 7. Coca-Cola and Liberty Mutual would NOT have been able to classify Plaintiff "not disabled" and as a "sneak out case" if they had not discriminated against Plaintiff's Social Security Disability decision violating their own Social Security Benefit policy in violation of ADA. Coca-Cola tried to hide their Social Security requirement from this Court and did not mention it one time; 8. Coca-Cola hid Plaintiff's Social Security's decision to continue to use their economic power against Plaintiff as a weapon.  ADA is not preempted by ERISA. Plaintiff has a right to sue letter from EEOC for discrimination under ADA laws (Exhibit A).

### B.    Plaintiff's Title I, ADA claims are not barred by applicable statues of limitations.

The Georgia two year statue of limitation for ADA under Title I claims does not apply here. Plaintiff recently discovered a Coca-Cola Social Security Benefit Policy that shows Coca-Cola is currently discriminating against the Plaintiff on the basis of her disability in violation of ADA laws (Exhibit P ¶

page 5) which prompted Plaintiff to contact Coca-Cola "RE: Ongoing discrimination. Coca-Cola opened Plaintiff's case number [Coca-Cola Case Number – HLP-2023-71237]" (Exhibit K). Plaintiff has a right to sue letter from EEOC for ADA violations on the basis of her disability. Ninth Circuit disposition - It held that the continuing violation doctrine "allows courts to consider conduct that would ordinarily be time-barred 'as long' as the untimely incidents represent an ongoing unlawful employment practice.'" Morgan, 232 F. 3d 108, 1014 (9th Cir. 2000) (quotation omitted). Coca-Cola is still maintaining that Plaintiff is "not disabled" with knowledge of Plaintiff's disability in violation of ADA to save money (Exhibit D). Plaintiff's Early Retirement Pension Plan did not start this civil action. Defendant's ADA violations started this civil action.

**C.    Plaintiff's ADA claims must not be dismissed.**

Plaintiff has an EEOC right to sue letter to remedy her ADA violations.

**II.    Plaintiff's Can Identify A State Law Cause of Action To Be Remedied Under ADA. Plaintiff can State Claims Of Discriminatory Actions On Which Relief Can Be Granted.**

GA Code § 34-6A-4 (2020) "No employer shall fail or refuse to hire nor shall any employer discharge or discriminate against any individual with disabilities with respect to wages, rates of pay, hours, or other terms and

conditions of employment because of such person's disability unless such disability restricts that individual's ability to engage in the particular job or occupation for which he or she is eligible; nor shall any employer limit, segregate, or classify individuals with disabilities in any way which would deprive or tend to deprive any individual with disabilities of employment opportunities or otherwise affect employee status because of such person's disability, unless such disability constitutes a bona fide and necessary reason for such limitation, segregation, or classification." Coca-Cola and Liberty Mutual harmful causes of action: 1. Coca-Cola is discriminating against their own policy on Social Security Benefits, by not accepting Plaintiff's Social Security results with knowledge of Plaintiffs Social Security decision (Exhibit P ¶ Page 5); 2. Coca-Cola accepts Social Security decisions for other employees but not for the Plaintiff (Exhibit B); 3. Coca-Cola's described Plaintiff's claim as a "sneak out" describing Plaintiff like a thief. This is a terrible thing to say about a severely disabled employee, with severe medical evidence and 17 years of excellent service to Coca-Cola (Exhibit G); 4. Coca-Cola continues to maintain to this very day, that Plaintiff is "not disabled" with evidence from Social Security causing Plaintiff ongoing mental and physical harm GA Code § 34-6A-4 (2020); 5. Coca-Cola threw Plaintiff out like trash and did not even give her severance pay with knowledge of Plaintiff inability to work GA Code § 34-

14

6A-4 (2020); 6. Coca-Cola did not make it known to this Court that there is a Coca-Cola Social Security Benefit Policy (Exhibit P ¶ Page 5). Coca-Cola did not make it known to this Court that Plaintiff is permanently disabled by Social Security since her last day at work (a qualified individual with a known disability) (Exhibit B); 7. Coca-Cola and Liberty Mutual would NOT have been able to classify Plaintiff "not disabled" and as a "sneak out case" if they had not discriminated against Plaintiff's Social Security Disability decision violating their own Social Security Benefit policy in violation of ADA. Coca-Cola tried to hide their Social Security requirement from this Court and did not mention it one time (Exhibit D ¶ Page 2); 8. Coca-Cola hid Plaintiff's Social Security's decision to continue to use their economic power against Plaintiff as a weapon. The evidence in this case includes fraud GA Code § 34-6A-4 (2020).

Finally, Plaintiff seeks relief that will make her whole. Plaintiff seeks compensation for the ongoing egregious abuse on the basis of her disability under O.C.G.A. 23-4-2 (2010) Remedy and under ADA 42 U.S.C. § 12111 Subchapter I – Employment and multiple violations under 42 U.S.C. § 12112 – Discrimination and all other federal and state laws upon which relief may be granted.

15

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Summary Judgment. Plaintiff request that Coca-Cola be held accountable for ongoing unlawful employment practices and not be allowed to continue to operate above the law to harm qualified individuals with a known disability; and deny Coca-Cola's Motion to Dismiss (in default), with prejudice.

RESPECTFULLY SUBMITTED,

JACQUELINE EVERSON
1530 Locust Log Way
Austell, Georgia  30168
Tel: 770-573-4038

16

## <u>LOCAL RULE 5.1C AND 7.1D CERTIFICATION</u>

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Times New Roman 14 Point, the font and point selections approved by this Court in Local Rule 5.1C.