**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JACQUELINE R. EVERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| THE COCA-COLA COMPANY, | ) | 1:23-cv-02947-MLB-CMS |
| LIBERTY MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF COCA-COLA'S MOTION TO DISMISS**

## INTRODUCTION

Plaintiff Jacqueline Everson's Opposition[1] to Coca-Cola's Motion to Dismiss only confirms that she seeks to relitigate the time-barred events of 2005—namely the termination of her disability benefits and employment at Coca-Cola (which were the subject of a case that Plaintiff unsuccessfully litigated before this Court nearly two decades ago).[2]   Although Plaintiff insists otherwise, her assertions about "ongoing discrimination" and her attempt to repackage stale grievances about the termination of her disability benefits and employment as "seven [new] adverse employment actions" illustrates that there is simply nothing left for this Court to decide.  All of Plaintiff's purported Americans with Disabilities Act ("ADA") claims are untimely, barred by res judicata, or both.

And Plaintiff does not even try to save her purported claims under Georgia law.  Instead, Plaintiff attempts to amend her pleading by asserting a new claim in

---

[1] Plaintiff submitted two substantively identical filings, both labeled "Motion for Summary Judgment Against Defendant['s] Motion to Dismiss." *See* Doc. 10 and Doc. 11.  But based on the content of Plaintiff's filing(s) and the Federal Rules of Civil Procedure, Coca-Cola understands Plaintiff's filing(s) to be an Opposition to its Motion to Dismiss and has responded to accordingly in this Reply brief. *See e.g.*, Doc. 11-1 at 3 ("Plaintiff is asking the Court to Dismiss The Coca-Cola Company's Motion to Dismiss and Memorandum of Law in Support of Defendant Coca-Cola's Motion to Dismiss, with prejudice.").

[2] *See Everson v. Coca-Cola Company*, No. 1:05-cv-2301-RWS (N.D. Ga.) and *Everson v. Liberty Mut. Assurance Co.*, No. 1:05-cv-02459-RWS (N.D. Ga.) (related case).

her briefing.  But even if Plaintiff could do that (and she cannot), her new claim is time-barred under Georgia law.

In a last-ditch effort to avoid dismissal of her Complaint, Plaintiff asserts that Coca-Cola's Motion to Dismiss was untimely.  But Plaintiff is mistaken— Coca-Cola's Motion to Dismiss was timely filed under the applicable Federal Rules of Civil Procedure, and it is due to be granted by this Court.

<u>**ARGUMENT**</u>

**I.      Coca-Cola's Motion to Dismiss Was Timely Filed.**

Plaintiff contends that Coca-Cola's Motion to Dismiss was untimely because it was filed more than *30* days after Plaintiff *filed* her Complaint.  *See* Doc. 10 at 7; Doc. 11-1 at 3.  Plaintiff is wrong for multiple reasons.  The Federal Rules of Civil Procedure[3] provide that a defendant must file a responsive pleading "within *21* days after *being served* with the summons and complaint."  Fed. R. Civ. P. 12(a)(1)(A)(i) (emphasis added).  And the Federal Rules provide that when service is made by U.S. Mail, "3 days are added after the period would otherwise expire under Rule 6(a)."  Fed. R. Civ. P. 6(d).

---

[3] Plaintiff cites to O.C.G.A. 9-11-12, but it is the Federal Rules of Civil Procedure that govern this action.

Plaintiff appears to have unsuccessfully attempted to serve Coca-Cola on July 3, 2023 at an incorrect address.  *See* Doc. 1.  But as Plaintiff's own "Corrected Certificate of Service" states, Plaintiff did not successfully serve Coca-Cola until July 12, 2023, when she sent her complaint to the correct address via U.S. Mail.  *See* Doc. 2.  Accordingly, Coca-Cola had 21 days from the date of service—July 12, 2023—plus three additional days under Rule 6(d) for service by Mail.  This made Coca-Cola's responsive pleading due on August 5, 2023 (which was a Saturday), meaning the due date became Monday, August 7, 2023 under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 6(a)(1)(C).  Coca-Cola filed its Motion to Dismiss on Friday, August 4, 2023.  *See* Doc. 8.  Coca-Cola's Motion to Dismiss was timely filed.[4]

## II.    Plaintiff's ADA Discrimination Claims Are Time-Barred.

### A.    Plaintiff's Right-to-Sue Notice Only Illustrates That Her Claims Are Untimely.

Plaintiff contends that her purported ADA claims can proceed because she

---

[4] In addition, Plaintiff failed to serve Coca-Cola her Opposition via U.S. Mail, as she claims in her Certificates of Service.  *See* Docs. 10-2, 11-2.  As a consequence of that, Coca-Cola did not receive Plaintiff's Opposition on August 11, 2023, when Plaintiff manually filed with the Clerk of Court.  Coca-Cola did not receive Plaintiff's Opposition until August 16, 2023, when it was notified of the filing via ECF.

received a right-to-sue notice from the EEOC.  *See* Doc. 11-1 at 13.  But Plaintiff's EEOC notice only proves the point: "The EEOC is closing this charge because ***your charge was not filed within the time limits under the law***; in other words, ***you waited too long*** after the date of the alleged discrimination to file your charge."  Doc. 11-1, Ex. A (emphasis added).  Plaintiff's untimely submission of a charge to the EEOC does not entitle her to pursue time-barred ADA claims.

### B.     The Continuing Violations Doctrine Does Not Apply.

Notwithstanding the EEOC's dismissal of her ADA claims as untimely, Plaintiff contends that she is not barred from proceeding in this Court because the discrimination she faces is "ongoing."  *See* Doc. 11-1 at 13.  But that argument is unavailing.  It is well settled in the Eleventh Circuit that the ADA "precludes recovery under the continuing-violations doctrine for discrete acts of discrimination or retaliation that occurred outside the statutory limitations period."  *Abram v. Fulton Cnty. Gov't*, 598 F. App'x 672, 674–75 (11th Cir. 2015) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 110–15 (2002)).  Discrete acts are those that are easy to identify, like the "termination" of Plaintiff's disability benefits and her employment in 2005—and the mere fact that Plaintiff does not like the continuing consequences that flowed from discrete actions occurring outside the limitations period does not give rise to a never-ending stream of new claims.  *See Abram*, 598

F. App'x at 675–76.

Nor can Plaintiff revive her stale ADA claims by alleging that she has "recently discovered a Coca-Cola Social Security Benefit Policy that shows Coca-Cola is currently discriminating against the Plaintiff." Doc. 11-1 at 12.[5] Plaintiff's Complaint alleges two discrete acts that are discriminatory—the termination of her long-term disability benefits and her employment—and both occurred in 2005. Plaintiff insists that she "can name seven adverse employment actions" that flowed from those discrete acts in 2005, but as explained in more detail below, each one is just a repackaged grievance about the termination of Plaintiff's disability benefits and/or the termination of her employment. *See* Doc. 11-1 at 11–12; *see also infra* Sec. III. The period for Plaintiff to file an EEOC charge expired nearly two decades ago—and that is why the EEOC dismissed her recent charge as untimely. Plaintiff cannot avoid that reality by alleging that the discrimination is "ongoing" because she continues to not receive the long-term disability benefits that terminated in 2005. And that is precisely what Plaintiff seeks to do in this case. *See*

---

[5] Moreover, this argument (that an award of Social Security disability benefits automatically entitles Plaintiff to disability benefits under the terms of Coca-Cola's separate long-term disability plan) is also wrong on the substance, as demonstrated *infra* Section III.

*id.* at 13 ("Coca-Cola is still maintaining that Plaintiff is 'not disabled' with knowledge of Plaintiff's disability in violation of ADA to save money . . . .").

### III.   Plaintiff's New Adverse Employment Actions Are Repackaged Grievances That Have Already Been Litigated.

Plaintiff does not dispute (and therefore concedes) that claims related to the termination of her disability benefits and employment in 2005 are barred by the doctrine of res judicata.  Instead, Plaintiff insists that this case is about "seven adverse employment actions" that she has not litigated.  Doc. 11-1 at 11.  But Plaintiff's "seven adverse employment actions" are repackaged grievances about discrete acts that she unsuccessfully litigated nearly two decades ago.

Five of Plaintiff's alleged "adverse actions" are a cascade of complaints about the termination of her long-term disability benefits in 2005: (1) Coca-Cola is currently discriminating against Plaintiff by having terminated her long-term disability benefits notwithstanding a decision by the Social Security Administration that Plaintiff is disabled; (2) "Coca-Cola accepts Social Security decisions for other employees but not for the Plaintiff"; (3) Coca-Cola causes Plaintiff "ongoing mental and physical harm" by maintaining that she is not disabled; (4) Coca-Cola did not explain to this Court that Plaintiff receives Social Security benefits; and (5) the description of her case as a "sneak out" allegedly shows that Coca-Cola

"discriminated against Plaintiff's Social Security Disability decision" and violated its "Social Security Benefit policy in violation of ADA." Doc. 11-1 at 11–12. All five of these supposedly "new" adverse actions boil down to the same misguided notion: Plaintiff's claim that the termination of her long-term disability benefits in 2005 somehow constitutes "ongoing" discrimination because she continues to be entitled to those benefits from Coca-Cola, and Plaintiff's receipt of disability benefits from Social Security proves it.

But as explained above, the law does not revive untimely claims related to the termination of Plaintiff's disability benefits in 2005 simply because her disagreement with that decision remains "ongoing." And Plaintiff's argument that she is entitled to long-term disability benefits because she receives Social Security benefits is mistaken. Plaintiff points to language in Coca-Cola's Long Term Disability Summary Plan Description ("SPD"), which she attached to her Opposition as Exhibit P (but not to her Complaint), as somehow creating an entitlement to benefits. But Plaintiff has misread the SPD. It provides that "[a]s long as you may be eligible for Social Security benefits, the claims administrator will estimate your Social Security income and deduct that amount from your LTD benefits until all appeal procedures have been exhausted." Doc. 11-1 at 5 & Ex. P at 45 (SPD at 5). This merely provides for an offset in circumstances where a participant is eligible to

7

receive disability benefits from both Social Security and from Coca-Cola's Long-Term Disability Plan.  It does not provide, as Plaintiff suggests, that any individual who is eligible for disability benefits from Social Security automatically is eligible for benefits under Coca-Cola's long-term disability benefit plan, too.

Plaintiff's two remaining "new" adverse employment actions both relate to the termination of Plaintiff's employment in 2005: (1) a 2005 email stating Plaintiff's claim was a "sneak out", *see* Doc. 11-1 at 11; *see also* Doc. 11-1, Ex. G at 26 (Email); and (2) that "Coca-Cola threw Plaintiff out like trash and did not even give her severance pay" when her employment terminated in 2005.  Doc. 11-1 at 14–15.  Neither is actionable.  As an initial matter, an email describing Plaintiff's claim as a "sneak out"[6] is not an adverse employment action.  *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001) ("employment action is considered 'adverse' only if it results in some tangible, negative effect on the plaintiff's employment").  As for Plaintiff's belief that Coca-Cola "threw [her] out like trash" and did not pay her severance, both the termination of her employment and the denial of severance have already been litigated before this Court.  *See*

_____

[6] The context of the administrator's statement also makes clear that the administrator was not referring to Plaintiff as a "thief."  *See* Doc. 11-1, Ex. G at 26 (Email).

*Everson v. Coca-Cola Co.*, No. 1:05-CV-2301-RWS, 2006 WL 8432745, at *4–6 (N.D. Ga. Oct. 17, 2006) (granting Coca-Cola summary judgment on Plaintiff's claim regarding termination of her employment and denial of severance), *aff'd*, 241 F. App'x 652 (11th Cir. 2007).[7]

In short, all seven of Plaintiff's new arguments merely repackage grievances about the same two adverse events that occurred in 2005—the termination of her long-term ability benefits and her employment—and that Plaintiff unsuccessfully litigated before this Court in her previous lawsuit against Coca-Cola. Plaintiff had a full and fair opportunity to litigate these claims nearly two decades ago, and the doctrine of res judicata bars her from doing so again.

## IV. Plaintiff's New Discrimination Claim Under Georgia Law Is Barred by the Statute of Limitations.

Plaintiff does not meaningfully respond to Coca-Cola's argument that the state law claims pleaded in her Complaint fail as a matter of law. *See* Mot. at 10–11 (explaining why Plaintiff's claims under Georgia state law either fail to state a claim or are preempted by ERISA). Instead, Plaintiff's Opposition seeks to add a new

---

[7] Plaintiff appears to include an eighth point alleging that Coca-Cola "hid Plaintiff's Social Security decision." Doc. 11-1 at 12. It is unclear what Plaintiff means by this. Plaintiff included her receipt of Social Security benefits in her Complaint, *see, e.g.*, Doc. 1 at 5–6, 8, and Coca-Cola has never denied that Plaintiff received benefits from the Social Security Administration.

state law claim that is not pled in the Complaint: disability discrimination in violation of O.C.G.A. § 34-6A-4(a). *See* Doc. 11-1 at 13–15. But Plaintiff cannot amend her Complaint by asserting new claims in her Opposition brief. *See, e.g.*, *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011); *see also Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (quotation marks omitted)).

And even assuming Plaintiff had pleaded a claim under O.C.G.A. § 34-6A-4(a), that claim would be untimely. "A civil action alleging violation of the [Georgia Disability Code] must be 'brought within 180 days after the alleged prohibited conduct occurred.'" *Chastain v. City of Douglasville*, No. 1:14-CV-4038-AT-CMS, 2017 WL 10753292, at *9 (N.D. Ga. Jan. 20, 2017) (quoting O.C.G.A. § 34-6A-6(a)), R. & R. *adopted*, No. 1:14-CV-4038-AT, 2017 WL 10768465 (N.D. Ga. Feb. 23, 2017). For the same reasons that Plaintiff's ADA discrimination claims are untimely, any claim under O.C.G.A. § 34-6A-4(a) is also untimely.

## CONCLUSION

For the foregoing reasons, Coca-Cola respectfully requests that this Court grant its motion to dismiss and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted this 25th day of August, 2023.


                      */s/ Darren A. Shuler*
                      Darren A. Shuler (Ga. Bar No. 644276)
                      KING & SPALDING LLP
                      1180 Peachtree Street, N.E.
                      Atlanta, Georgia 30309
                      Telephone: (404) 572-4600
                      Fax: (404) 572-5100
                      Email:  dshuler@kslaw.com

                      *Attorneys for Defendant The Coca-Cola Company*

11

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, in compliance with Local Rule 5.1(C), that the foregoing pleading has been prepared using 14-point Times New Roman font, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

/s/ Darren A. Shuler
Darren A. Shuler
Georgia Bar No. 644276

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF and mailed a copy, postage prepaid, and addressed as follows to:

Jacqueline R. Everson
1530 Locust Log Way
Austell, GA  30168

This 25th day of August, 2023.

/s/ Darren A. Shuler
Darren A. Shuler
Georgia Bar No. 644276