**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JACQUELINE EVERSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **Case No. 1:23-cv-02947** |
| THE COCA-COLA COMPANY, | ) |
| | ) |
| LIBERTY MUTUAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure and LR 7.1(C), Defendant Liberty Mutual Insurance Company ("Liberty Mutual") submits this Reply in Support of its Motion to Dismiss Plaintiff's Complaint. Plaintiff filed two pleadings titled "Plaintiff's Motion for Summary Judgment against Defendants Motion to Dismiss" (Doc. 10 and 11). As those are couched as "against" Defendants' Motion to Dismiss, Liberty Mutual understands such two identical pleadings filed by Plaintiff to constitute a Response to the Motions to Dismiss filed by both Defendants in this action (Doc 3 and 8) and submits this Reply, accordingly.

A.   **<u>Plaintiff's ADA Claims Must Be Dismissed.</u>**

In the Motion to Dismiss, Liberty Mutual stated that the ADA claim must be dismissed because Plaintiff failed to timely file a Charge asserting that Liberty Mutual violated the ADA and because Liberty was not Plaintiff's employer, and thus, not a "Covered Entity" under the ADA.  In her Response to the Motion, Plaintiff states that she obtained a Right to Sue Letter dated August 4, 2023, which she attached to her Response (Document 11-1, p. 19).[1]  Plaintiff did not properly authenticate this document, nor did she attach the document to the Complaint. Therefore, the Letter should not be considered by the Court in ruling on Liberty Mutual's Motion to Dismiss.[2]

However, if the Right to Sue Letter is to be considered, the Letter states, "The EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge."  Moreover, the Right to Sue Letter does not reference Liberty Mutual and is not evidence that Plaintiff filed a Charge against Liberty Mutual.  Accordingly, the absence of a timely-filed Charge against Liberty Mutual precludes the ADA claim asserted by Plaintiff against Liberty

---

[1]   Plaintiff's Response asserts that Liberty Mutual stated that the ADA claim is preempted by ERISA, but Liberty Mutual only asserted that Plaintiff's claims under State law were preempted by ERISA.  Plaintiff's Response does not argue that ERISA should not apply to Plaintiff's State law claims, so it should be assumed that she does not oppose the dismissal of the State law claims brought against Liberty Mutual in the Complaint.

[2]   Liberty Mutual makes the same argument regarding the Exhibits attached to Plaintiff's Response, as they were neither properly authenticated nor attached to or referenced in Plaintiff's Complaint.  Such Exhibits should not be considered by the Court in ruling on Liberty Mutual's Motion to Dismiss.

Mutual in her Complaint.  Nevertheless, Plaintiff does not assert in the Complaint that she has filed such a Charge against Liberty Mutual, nor does the Right to Sue Letter reference a Charge against Liberty Mutual.  Accordingly, her claim for discrimination pursuant to 42 U.S.C. §12112 against Liberty Mutual must be dismissed.

### B.    <u>**Liberty Mutual Is not a Proper Defendant in this Action.**</u>

In its Motion to Dismiss, Liberty Mutual asserted that because it was not involved in the administration of Plaintiff's claim under the relevant disability policy, it should be dismissed from this action.  In her Response to the Motion, Plaintiff asserts that "Liberty Mutual" on the top of the April 14, 2004, letter from Liberty Life Assurance Company of Boston ("Liberty Life") to Plaintiff, means Liberty Mutual Insurance Company administered her disability benefit under the Coca-Cola Group Disability Income Policy and thus, is a correct defendant in this action.  This letter was attached to Plaintiff's Response (Document 11-1, p. 22), but Plaintiff did not properly authenticate this document, nor did she attach the document to the Complaint.  Therefore, the letter should not be considered by the Court in ruling on Liberty Mutual's Motion to Dismiss.

However, even if the letter is considered, nowhere in the letter is "Liberty Mutual Insurance Company" mentioned.  In fact, the letter contains a sentence stating, "If your benefit is overpaid, **Liberty Life Assurance Company of Boston**

**3**

has the right to recover the amount overpaid in full." (emphasis added) Moreover, the top of this letter clearly states that <u>Liberty Life</u> was the sender of this letter, which is consistent with the terms of the LTD Policy itself evidencing that the issuer of the LTD Policy and the decision maker on Plaintiff's claim for disability benefits is Liberty Life (Motion to Dismiss Exhibit A, p.1) and not Liberty Mutual, which is a wholly separate entity. As the Complaint fails to state any claim against Liberty Mutual upon which relief may be granted (because it is not the issuer of the Policy and was not the decision maker on Plaintiff's claim for benefits), Liberty Mutual should be dismissed from this action.

## III.
## <u>REQUEST FOR RELIEF</u>

Liberty Mutual requests the Court dismiss Plaintiff's Original Complaint against it with prejudice, award Liberty Mutual its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and grant Liberty Mutual any other relief to which it shows itself justly entitled.

Dated this 30th day of August 2023.

Respectfully submitted,

DREW ECKL & FARNHAM, LLP

*/s/ Brian Johnson*
Brian Johnson, Esq.
Georgia Bar No. 394745

Drew, Eckl & Farnham
880 W. Peachtree Street

**4**

Atlanta, Georgia 30357
404/885-1400
404/876-0992 fax
Email: johnsonb@deflaw.com

AND

s/ *Iwana Rademaekers*
Iwana Rademaekers, Esq.
Texas Bar No. 16452560
(*Pro Hac Vice* Application pending)

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2023, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system.

I further certify that a true and correct copy of the foregoing has been sent via US Priority Mail to the following non-CM/ECF case participants:

Jacqueline Everson
1530 Locust Log Way
Austell, GA 30168
Pro Se Plaintiff

s/ *Brian Johnson*
Brian Johnson, Esq.

5