**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 01 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

JACQUELINE R. EVERSON, )
 )
    Plaintiff, )
 )
vs. )
 ) Civil Action No.
 ) 1:23-cv-02947-MLB-CMS
 )
THE COCA-COLA COMPANY, )
 )
LIBERTY MUTUAL INSURANCE )
COMPANY, )
 )
    Defendants. )

## RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Plaintiff Jacqueline Everson Response to Defendant Coca-Cola statement; that Plaintiff seeks to re-litigate time-barred events of 2005 to 2009; Plaintiff's ERISA case for one LTD disability benefit policy issued by Liberty Mutual and Coca-Cola's Title VII Retaliation based on "race" against the Plaintiff (for filing a lawsuit). ADA Title I laws only covers discrimination on the basis of disability and is not compatible with ERISA and Title VII laws. ERISA and Title VII laws do not cover discrimination on the basis of "disability". Plaintiff's lawsuit against Coca-Cola is for multiple ADA Title I violations, which are not time-barred because the discrimination is current and ongoing. In 2023, Plaintiff discovered an "Employee" LTD disability policy issued by Coca-Cola (a policy that was excluded from Plaintiff's ERISA case). Based on their Coca-Cola Social Security Benefit Policy; Coca-Cola should not have terminated Plaintiff until she received her Social Security Disability decision (Doc. 11, Ex. A). This "policy" prompted the Plaintiff to contact Coca-Cola and the results prompted Plaintiff to file a Complaint for the current Title I ADA violations. Coca-Cola discriminated against its own employee Social Security Benefit Policy which required Plaintiff to apply for Social Security benefits. Instead, Coca-Cola committed multiple ADA Title I violations and unlawful employment practices against the Plaintiff (A qualified individual with a known disability). Coca-Cola discriminated when

2

they excluded the Policy from the Plaintiff and did not accept Plaintiff Social Security Administration decision at all. Plaintiff suffered immeasurable mental and physical harm when she discovered Coca-Cola's LTD Policy and the deceitful unlawful employment practices committed against Plaintiff solely on the basis of her disability: Coca-Cola's Social Security Benefit Policy **Quote:** "As long as you may be eligible for Social Security benefits, the claim administrator will estimate your Social Security income and deduct that amount from your LTD benefits until all appeal procedures have been exhausted." "Therefore, if the Social Security Administration denies your request for benefits, you must appeal the denial." "The LTD Plan will reimburse you for travel, medical and legal expenses involved in your appeal." (Doc. 11 ¶ Ex. P.5). This evidence shows that The Coca-Cola Company relies "HEAVILY" on the Social Security Administration decisions concerning disability, accept when it comes to the Plaintiff (discriminating on the basis of her disability; committing multiple ongoing Title I violations). In 2023, Plaintiff contacted Coca-Cola regarding the Policy she discovered and the unlawful employment practices concerning Coca-Cola's policy [Coca-Cola Case Number – HLP-2023-71237]. Based on the Employee Social Security Benefit Policy; Coca-Cola should not have terminated the Plaintiff before her Social Security decision was made (Doc. 11 ¶ Ex. P.5); violating Plaintiff's rights as an employee and her civil rights under ADA Title I

3

laws [42 U.S. CODE § 12112 – DISCRIMINATION]. Plaintiff discovered multiple ADA Title I violations. Coca-Cola maintains that Plaintiff is "not disabled" (Doc. 11 ¶ Ex. B). Plaintiff's ADA Title I claims have not been litigated. In sum, the continuing violation doctrine holds that if an employee files an EEOC charge while at least one act constituting discrimination is still timely, then the whole time period of the disability discrimination can be considered for purposes of deciding liability. Ninth Circuit disposition - It held that a continuing violation doctrine "allows courts to consider conduct that would ordinarily be time-barred 'as long' as the untimely incidents represent an ongoing unlawful employment practice. "Morgan, 232 F. 3d 108, 1014 (9th Cir. 2000) (quotation omitted). ADA Title I, 42 U.S.C 12111(a)(1994) prohibiting discrimination "against a qualified individual with a disability"); Gonzales v. Garner Food Servs., Inc., 89 F.3d 1523, 1529 (11th Cir. 1996)(stating that "interpreting the ADA to allow any disabled former employee to sue a former employer essentially renders the [qualified individual with a disability] requirement. Plaintiff would not have filed this lawsuit if she had not discovered a "separate" Coca-Cola Employee LTD Policy on Social Security Benefits; evidence of deceptive unlawful employment practices and multiple ADA Title I violations that have not been litigated. In sum, Defendant Coca-Cola would not have been able to commit

4

multiple ongoing ADA Title I violations against the Plaintiff, if they had not excluded the Plaintiff from the policy and followed the rules (Doc. 1 ¶ I-IV).

## II.    Plaintiff's ADA Discrimination is Not Time-Barred

### A.    Plaintiff's Has a Notice of her Right to Sue Letter Issued To Her On The Grounds of Discrimination against Defendants for Current ADA Violations.

Plaintiff's ADA claims are for current and ongoing discrimination solely on the basis of Plaintiff's disability and is not time-barred. Coca-Cola and Liberty Mutual is not being honest about Plaintiff's EEOC Right to Sue letter SEE: https://www.hg.org>legal-articles: **Quotes**: "How important is a Right to Sue letter?" "The Reason for the Right to Sue letter" "However, without this letter the person may not have a valid claim to pursue in the court room. He or she may still proceed to the courts, but the letter itself is substantial evidence in favor of the claim." "What does it mean when you receive a Right to Sue letter from EEOC." "If you receive a Right to Sue letter, it means that the EEOC has determined that there are grounds for a discrimination claim." EEOC could have denied Plaintiff a right to sue letter. Therefore, Plaintiff has a valid EEOC "Notice of her Right to Sue" within 90 days and is not time barred as misstated by Coca-Cola and Liberty Mutual. Quote:    "If you choose to file a lawsuit in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice." (Doc 11 ¶ Ex. A)

## B.    The Continuing Violation Doctrine Does Apply Here

Defendant is maintaining that Plaintiff's disability case has been litigated and they have committed no valid ADA Title I violations. Defendant is wrong; Plaintiff has never litigated any ADA Title I claims and Coca-Cola and Liberty Mutual has failed to provide sufficient evidence to prove it (just talk). Plaintiff is maintaining that she is disabled since August 29, 2003, based on the Social Security Administration decision and is a qualified individual with a known disability based on ADA Title I laws. Coca-Cola's Policy heavily relies on the Social Security Administration decision to determine disability. Plaintiff's claims are ongoing and timely ADA violations as long as Plaintiff is actively being discriminated against solely on the basis of her disability in violation of the Defendants' Policies   [Coca-Cola Case Number – HLP-2023-71237] and as stated above. Therefore, Plaintiff has an EEOC "Notice of her Right to Sue" within 90 days and is not time barred as suggested by Coca-Cola and Liberty Mutual.

These laws are compatible and (mirror) each other: GA Code 34-6A-4(2020) listing the same protections that are listed under ADA Title I 42 U.S.C 12112(a) laws:  Title I 42 U.S.C 12112(a)  "(a) General rule" "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or

6

discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." (Doc. 1 ¶ I - IV). Therefore, The Continuing Violation Doctrine does apply to both Defendants for ongoing violations.

**III.   Plaintiff Is Not Re-litigating ERISA or Title VII claims. All of Plaintiff Claims are for Current Ongoing Violations Under ADA Title I Laws for Multiple Discrimination Acts Against the Plaintiff Solely on the Basis of Her Disability.**

Defendants Have Not Provided One Shred of Evidence to prove that Plaintiff's ADA Title I claims Have Been Litigated. Defendants have not provided any evidence that Plaintiff's ERISA and Title VII violations are compatible (mirror) to her ADA violations. Coca-Cola and Liberty Mutual did not provided any defense for their multiple unethical and unlawful employment practices and multiple ADA Title I violations. Therefore, Defendants theory that Plaintiff's claims are Repackaged Grievances under Res Judicata is not true. As stated above.

**IV.   Plaintiff's discrimination claims under Georgia law is not barred by the Statue of Limitations**

Plaintiff has an EEOC Right to Sue Letter issued for ongoing discrimination violations under ADA laws. Plaintiff does not need to add a new

law because O.C.G.A. 34-6A-4(a) mirrors ADA 42 U.S.C. 12112(a) laws (Prohibiting discrimination "against a qualified individual with a disability"). Therefore, Plaintiff's discriminatory claims against Defendants are not untimely based on current ADA Title I violations. **Unlawful practices**; The Coca-Cola Company has a history of committing ADA violations against its employees with disabilities: https://www.warrensiurek.com/blog/2018/09/coca-cola-pays-225-million-to-settle-ada-lawsuit/ The company settled with the U.S. Equal Employment Opportunity Commission in August, pledging to pay $2.25 million to resolve nine different disability discrimination cases relating to its failure to accommodate disabled workers. Ninth Circuit disposition - It held that a continuing violation doctrine "allows courts to consider conduct that would ordinarily be time-barred 'as long' as the untimely incidents represent an ongoing unlawful employment practice. "Morgan, 232 F. 3d 108, 1014 (9th Cir. 2000) (quotation omitted).

## V.   Plaintiff's ADA Claims Against Liberty Mutual Are Proper as The Defendant and Agent for Coca-Cola as Stated In [Doc. 10 (C.)]

In 2023, Plaintiff discovered an "Employee" LTD disability policy issued by Coca-Cola (a policy that was excluded from Plaintiff's ERISA case). Liberty Mutual is not Plaintiff's employer, but Liberty Mutual defends Coca-Cola's ERISA benefit disputes and is the "only defendant" in Plaintiff's Coca-Cola's

employee ERISA case in violation of "ERISA § 502. CIVIL ENFORCEMENT (Doc. 3, Ex. D). Liberty Mutual pretended Plaintiff was only covered by one Group Disability Policy issued by Liberty Mutual (Doc. 3, 2).) and (Doc. 14, B.). Plaintiff discovered that Liberty Mutual committed the first ADA Title I violation against the Plaintiff by not following the § 502 rules of law in her ERISA case and excluded their own policy on Social Security Benefits. Coca-Cola is the defendant in all other Coca-Cola ERISA cases accept the Plaintiff's; before, during and after Plaintiff's ERISA case with Liberty Mutual (Doc. 10, B.). Plaintiff discovered these ADA violations and other deceptive unlawful employment practices; this prompted Plaintiff to contact Coca-Cola [Coca-Cola Case Number – HLP-2023-71237] and to file this ADA Title I lawsuit. In sum, the continuing violation doctrine holds that if an employee files an EEOC charge while at least one act constituting discrimination is still timely, then the whole time period of the disability discrimination can be considered for purposes of deciding liability. Liberty Mutual caused multiple ADA violations to be committed against the Plaintiff because they did not follow their own policy rules on Social Security Benefits as agent for Coca-Cola and as their own Group Disability Policy Administrator. Liberty Mutual discriminated against the Plaintiff on the basis of her disability under Title I ADA laws and is not time-

barred. (Doc. 3, ¶ III, 1-8). This is not a claim for ERISA or Title VII; Only for ongoing ADA Title I discrimination solely on the basis of Plaintiff's disability.

## VI.    Liberty Mutual Is A Proper Defendant

Liberty Mutual is a proper defendant as "agent" for Coca-Cola: (Doc. 10 ¶ C.). Liberty Mutual is wrong; Liberty Mutual means "Liberty Mutual" to the Plaintiff (Doc. 3, Ex. D). Also See Coca-Cola Benefit Managers (email) identifying "Liberty Mutual" as the agent not "Liberty Life"; Quote: "Per the request in the attached e-mail I received correspondence from Liberty Mutual on 03/15/05." "The correspondence confirms that Liberty Mutual advised Jacqueline Everson that they would re-open her claim and pay her" (Doc. 11 ¶ Ex. G) 1. "Agent" means any director, officer, servant, employee, or other person who is authorized to act in behalf of the corporation.   Therefore, Liberty Mutual is a proper defendant in this case.

Liberty Mutual owned Liberty Life until it was sold to Lincoln Financial Group (Doc. 11 ¶ Ex. M). Liberty Mutual as agent for Coca-Cola; knew about the Coca-Cola Policy on Social Security Benefits at issue. It is the same Policy on Social Security Benefits for the Group Disability Income Policy issued by Liberty Mutual. In Liberty Mutual's letter; Quote: "Your Policy requires that you apply for Social Security Disability Benefits" "Our records indicate you have applied" (Doc. 10, Ex. D, Pg 2). Liberty Mutual violated Plaintiff's civil rights

under ADA by not waiting for Plaintiff's Social Security Benefit decision as required by their Policy and when they received it Liberty Mutual did not accept it; Pretrial Order filed by Liberty Mutual 08/07/2007 (Doc 10, Ex. C). Liberty Mutual as agent accepted the "duty" to enforce "Coca-Cola's Policy on Social Security Benefits". Liberty Mutual decides disability status for Coca-Cola's employees "disabled or not disabled" (Doc. 10, Ex. D). Therefore, Liberty Mutual is a "Covered Entity" in Plaintiff's ADA claims as Agent authorized to act on behalf of Coca-Cola; the Plaintiff's employer. Also See: ( Liberty Mutual letterhead (Doc. 11, Ex. D). Also See: Liberty Mutual letter; Quote: "Therefore, we have maintained our original decision that you are no longer considered disabled from your own occupation per the Coca-Cola Company policy" (Doc. 11, Ex. H).

Liberty Mutual saved Coca-Cola money thru deceptive employment, business practices and multiple ADA violations. (Doc. 10, Ex. D, H). Liberty Mutual ADA claims must not be dismissed as a matter of law (Doc. 10, B.).

## REQUEST FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Summary Judgment. Including ADA 42 U.S.C. 12112 discrimination, extraordinary remedies claimed under OCGA § 23-4-2, and Remedies for fraud OCGA § 11-2-721 (Doc. 1 ¶ VI) and all other federal and

state laws upon which relief may be granted. Plaintiff request that Coca-Cola and Liberty Mutual be held accountable for ongoing unlawful employment practices and not be allowed to continue to operate above the law to harm qualified individuals with a known disability. Plaintiff asks the court to deny The Coca-Cola' Company's Motion to Dismiss, with prejudice. Plaintiff asks the court to deny Liberty Mutual Insurance Company's Motion to Dismiss, with prejudice.

RESPECTFULLY SUBMITTED,

JACQUELINE EVERSON
1530 Locust Log Way
Austell, Georgia 30168
Tel: 770-573-4038

12

## <u>LOCAL RULE 5.1C AND 7.1D CERTIFICATION</u>

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Times New Roman 14 Point, the font and point selections approved by this Court in Local Rule 5.1C.