IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JACQUELINE R. EVERSON,

     Plaintiff,

v.

THE COCA-COLA COMPANY and
LIBERTY MUTUAL INSURANCE
COMPANY,

     Defendants.

CIVIL ACTION NO.
1:23-cv-2947-MLB-CMS

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff Jacqueline R. Everson ("Everson"), proceeding without an attorney, has filed this action against her former employer, The Coca-Cola Company ("Coca-Cola") and the purported administrator of Coca-Cola's long-term disability ("LTD") plan, Liberty Mutual Insurance Company ("Liberty"). Everson asserts several claims, including claims that (1) Defendants discriminated against her based on a disability, in violation of the Americans with Disabilities Act ("ADA") (Counts I–IV), (2) Defendants violated Georgia Code Section 16-4-9 by disregarding Everson's "humanitarian rights," thereby giving rise to a "disparate impact" claim (Count V), (3) Defendants' fraudulent conduct entitles her to a "remedy to restore" pursuant to Georgia Code Sections 23-4-2 and 11-2-721, including a declaratory

judgment finding that Defendants violated her rights under the ADA and Georgia law, as well as equitable relief and money damages (Count VI), and (4) Defendants are liable for attorney's fees and costs under Georgia Code Section 13-6-11 (Count VII). [Doc. 1, Compl.].

This matter is before the Court on Liberty's Motion to Dismiss for Failure to State a Claim [Doc. 3], on Coca-Cola's Motion to Dismiss for Failure to State a Claim [Doc. 8], and on Everson's Motions for Summary Judgment [Doc. 10; Doc. 11]. For the following reasons, I agree with Liberty and Coca-Cola that Everson's Complaint fails to state viable claims for relief. I will recommend that the motions to dismiss be granted and that Everson's motions for summary judgment be denied without prejudice.

## I.   BACKGROUND

### A.   Everson's Allegations[1]

Everson resides in Austell, Georgia. [Compl. ¶ 4]. Everson served as a senior financial analyst for Coca-Cola for seventeen years. [*Id.* ¶ 7]. Everson states that

---

[1] The following facts are taken from Everson's Complaint and are accepted as true for purposes of resolving the motion to dismiss. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam).

Coca-Cola hired Liberty on April 4, 2024 to evaluate her disability under the LTD plan.  [*Id.* at 5–6].

Briefly, Everson alleges that she recently learned that Coca-Cola is discriminating against her based on a disability because Coca-Cola has given her two conflicting classifications: (1) "totally disabled," for purposes of the early retirement pension that she currently receives; and (2) "not disabled," for all other privileges of employment.  [Compl. ¶ 8].  Everson states that Coca-Cola refused to answer questions concerning those classifications, and she argues that Coca-Cola is excluding her or denying her equal jobs or benefits because of a known disability.  [*Id.*].   Everson alleges that Coca-Cola deliberately misclassified her.   [*Id.*].  According to Everson, Liberty disregarded her disability evidence, including (1) her Social Security Disability Insurance ("SSDI") results, (2) her Coca-Cola disability evaluation results, (3) results from Liberty's own disability evaluation, and (4) records from Everson's doctor.  [*Id.*].

Everson alleges that Coca-Cola and Liberty worked together to discriminate against her based on her disability and improperly found that she was not disabled as of March 2005.  [Compl. ¶ 8; *see also id.* at 7].  Everson contends that Coca-Cola is denying her benefits that other disabled employees are eligible to receive and is thereby discriminating against her.  [*Id.* ¶ 8].   According to Everson, Coca-Cola

deliberately gave her conflicting classifications "to terminate and limit [her] employment privileges." [*Id.* at 5].

Everson states that on August 29, 2003, she was approved for SSDI benefits and classified as having a "permanent disability" for purposes of SSDI. [Compl. at 5, 8]. Everson cites an email from Coca-Cola administrators that supposedly stated that one of the administrators planned to work with Liberty to make sure that no other similar cases "sneak out." [*Id.*]. Everson alleges that on March 29, 2005, Liberty sent her a letter stating that it had maintained its original decision that Everson was no longer considered disabled from her own occupation under the LTD plan and was not entitled to disability benefits under the plan. [*Id.* at 7; *see also* Liberty Ex. B (Doc. 3-1 at 54–55)].[2] Liberty denied Everson's claim for disability

---

[2] "[A] court may consider evidence attached to a motion to dismiss without converting the motion into one for summary judgment if (1) the plaintiff refers to certain documents in the complaint, (2) those documents are central to the plaintiff's claim, and (3) the documents' contents are undisputed." *Baker v. City of Madison, Ala.*, 67 F. 4th 1268, 1276 (11th Cir. 2023) (internal quotation marks and citations omitted). "Evidence is 'undisputed' in this context if its authenticity is unchallenged." *Id.*

Here, the Court may consider the LTD plan documents, Liberty's letter upholding the decision to terminate benefits under the plan, and the pension plan documents in connection with the motion to dismiss. Everson refers to the documents in her Complaint, the documents are central to Everson's claims, and Everson has not challenged the authenticity of those documents. *Baker*, 67 F. 4th at 1276.

benefits under the LTD plan because an independent medical examiner concluded that Everson could perform full-time sedentary work, and Liberty found that additional medical information Everson provided did not warrant altering the independent medical examiner's conclusion. [Liberty Ex. B at 1].

On March 30, 2005, Coca-Cola terminated Everson's employment and found that she was "not disabled." [Compl. at 5, 7]. Everson, however, alleges that Coca-Cola classified her as "totally disabled" on September 1, 2013, when she began receiving an early retirement pension from Coca-Cola. [*Id.*].

Everson alleges that Coca-Cola and Liberty acted maliciously and oppressively, with a conscious disregard of Everson's "humanitarian rights." [Compl. at 9]. Everson states that this conduct caused her injury. [*Id.*].

Everson seeks a declaratory judgment holding that Defendants violated her rights under the ADA and Georgia law. [Compl. at 9]. Everson also seeks monetary damages, including costs and attorney's fees. [*Id.* at 9–10].

### B.    The Pension Plan

Coca-Cola's pension plan permits a previously terminated vested employee who completed at least ten years of vesting service at the time of termination to begin receiving pension benefits when that employee reaches age 55. [Coca-Cola's Ex. (Doc. 8–1) at 38]. Coca-Cola claims that Everson began receiving benefits under

the pension plan because she reached age 55, not because Coca-Cola concluded that Everson was disabled.  [Doc. 8 at 4].

### C.     The Previous Lawsuits

Everson filed two previous lawsuits relating to the events outlined in the Complaint.  Those previous lawsuits are discussed in turn below.

### 1.     Previous Lawsuit Against Coca-Cola

On August 1, 2005, Everson filed a lawsuit against Coca-Cola in the State Court of Fulton County, Georgia ("*Coca-Cola I*"), alleging that Coca-Cola wrongfully terminated her employment, interfered with her disability benefits, wrongfully terminated her medical insurance benefits, denied her a severance payment, and negligently supervised other Coca-Cola employees who caused the alleged violations and that Coca-Cola's treatment of Everson amounted to a "disparate impact."  *Everson v. Coca-Cola Co.*, No. 1:05-cv-2301-RWS, 2006 WL 8432745, at *1–2 (N.D. Ga. Oct. 17, 2006), *aff'd*, 241 F. App'x 652 (11th Cir. 2007). Coca-Cola removed that lawsuit to this Court.  *Id.* at *2.  The district judge granted summary judgment in favor of Coca-Cola on all of Everson's claims.  *Id.* at *4–7. Everson appealed, and the Eleventh Circuit affirmed the district judge's decision. *Everson v. Coca-Cola Co.*, 241 F. App'x 652 (11th Cir. 2007).

###### 2.    Previous Lawsuit Against Liberty

On September 21, 2005, Everson filed a lawsuit in this Court against Liberty under the Employee Retirement and Income Security Act of 1974 ("ERISA"), alleging that Liberty improperly denied her claim for disability benefits under the Coca-Cola LTD plan ("*Liberty I*").   [Liberty's Ex. D (Doc. 3-1 at 65–75)].[3] Following a bench trial, the district judge issued an order on January 2, 2009 in favor of Liberty, finding that Liberty's decision to terminate Everson's benefits under the LTD plan was not arbitrary and capricious.  [Liberty's Ex. E (Doc. 3-1 at 76–115)]. On that same day, the Clerk entered judgment in favor of Liberty and against Everson.  [Liberty's Ex. F (Doc. 3-1 at 116)].  Everson appealed, but the Eleventh Circuit dismissed Everson's appeal for lack of jurisdiction because her notice of appeal was untimely. [Liberty's Ex. G (Doc. 3-1 at 118–119)].  Everson then sought a writ of certiorari, but the Supreme Court denied her petition for certiorari. [Liberty's Ex. H (Doc. 3-1 at 120)].

---

[3] A court may take judicial notice of matters of public record, such as court documents, without converting a motion to dismiss for failure to state a claim for relief into a motion for summary judgment. *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009).

### D.    Procedural History

On July 3, 2023, Everson filed this lawsuit.  [Compl.].  On July 31, 2023, Liberty filed its motion to dismiss [Doc. 3].  On August 4, 2023, Coca-Cola filed its motion to dismiss.  [Doc. 8].   On August 11, 2023, Everson filed her motions for summary judgment, styling her motions for summary judgment as filed "against Defendants' motion to dismiss."  [Doc. 10 at 1; Doc. 11 at 1].   The Parties have fully briefed the pending motions.

## II.    MOTIONS FOR SUMMARY JUDGMENT

Everson filed two motions for summary judgment in this action, as well as a reply in support of the motions.  [Doc. 10; Doc. 11; Doc. 15].  Everson styled her motions as filed "against Defendants' motion to dismiss." [Doc. 10 at 1; Doc. 11 at 1].  The motions therefore appear to be responses to the motions to dismiss, and I have considered the arguments that Everson raised in the motions and in her reply in connection with the motions to dismiss.

To the extent that Everson actually intended to file motions for summary judgment, her motions are procedurally improper because she failed to attach statements of material facts to the motions as required by Local Rule 56.1(B)(1). *See* LR 56.1(B)(1), NDGa. ("A movant for summary judgment shall include with the motion and brief a separate, concise, numbered statement of the material facts to

8

which the movant contends there is no genuine issue to be tried."). Although Everson is proceeding pro se in this action, she still must comply with the Local Rules and the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("once a pro se IFP litigant is in court, he is subject to the relevant law and rules of court"); *Calhoun v. Wal-Mart Stores East, LP*, No. 1:14-cv-2581-CC, 2017 WL 9362708, at *1 (N.D. Ga. July 24, 2017) ("The Court recognizes that Plaintiff is proceeding pro se, but pro se litigants still must comply with procedural rules."). The motions for summary judgment should be denied without prejudice for failure to comply with the Local Rules.

As discussed above, Everson's motions for summary judgment appear to be responses to the motions to dismiss, rather than actual substantive motions. Alternatively, the motions do not comply with the Local Rules. I, therefore, recommend that the motions for summary judgment be denied without prejudice.

### III.   MOTIONS TO DISMISS

#### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint, or portions thereof, for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When reviewing a motion to dismiss, the Court must take the allegations of the complaint as true and must construe those allegations

in the light most favorable to the plaintiff. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam). Although a court is required to accept well-pleaded facts as true and make reasonable inferences in favor of the plaintiff, it is not required to accept the plaintiff's legal conclusions or unwarranted deductions of fact. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (per curiam) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*"); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006); *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005) (per curiam).

A court may dismiss a complaint if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Chandler*, 695 F.3d at 1199 (internal quotation marks and citation omitted). The Supreme Court has stated that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). Although factual allegations in a complaint need not be detailed, those allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted).

Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The mere possibility that the defendant might have acted unlawfully is insufficient to allow a claim to survive a motion to dismiss.  *Id.*  Instead, the well-pleaded allegations of the complaint must move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  However, the factual allegations in a complaint can be sufficient to survive a motion to dismiss even though recovery may be remote or unlikely.  *Id.* at 555–56.  As long as the facts alleged create a reasonable expectation that discovery will reveal evidence of the necessary elements, the plaintiff's suit should continue.  *Id.* at 556.

Where, as here, a plaintiff files a complaint pro se, the Court must liberally construe the complaint and hold it to less stringent standards than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  A pro se plaintiff, however, still must comply with the threshold requirements of the Federal Rules of Civil Procedure and allege facts sufficient "to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.

### B.      Liberty's Motion to Dismiss

Liberty moves to dismiss Everson's Complaint for failure to state viable claims for relief against it.  [Doc. 3].  Liberty argues that the Complaint fails to state viable claims against it because: (1) it is not the proper defendant in this action; (2) Everson's claims against it are barred by res judicata or collateral estoppel, (3)

11

ERISA preempts Everson's state law claims, (4) Everson fails to state viable ADA claims against Liberty, and (5) the applicable statutes of limitations bar Everson's claims. [*See generally* Doc. 3-1]. For the following reasons, I agree with Liberty that Everson's Complaint does not state viable claims for relief against it, and I will recommend that Liberty's motion to dismiss be granted..

### 1.      Liberty Is Not a Proper Defendant

Liberty argues that it is not a proper defendant in this action. [Doc. 3-1 at 8–9]. According to Liberty, it cannot be liable to Everson because another, separate entity named "Liberty Life Assurance Company of Boston" issued the LTD plan and denied Everson's claim for long-term disability benefits. [*Id.*].

First, Liberty cannot be liable to Everson as the issuer of the LTD plan. The LTD plan states that an entity called "Liberty Life Assurance Company of Boston" is the issuer of the plan. [Liberty Ex. A (Doc. 3-1 at 16–53) at 1]. Without information showing that Liberty and "Liberty Life Assurance Company of Boston" are the same entity, it does not appear that Liberty could be liable to Everson as the issuer of the LTD plan.

Second, Liberty cannot be liable to Everson for denying Everson's claim for LTD benefits. Liberty did not deny Everson's claim for LTD benefits under the plan. The letter denying Everson's claim for benefits under the LTD plan was

printed on letterhead stating "Liberty Mutual," but the address on the letter indicated that "Liberty Life Assurance Company of Boston" issued the letter. [Liberty Ex. B (Doc. 3-1 at 54–55) at 1]. Nothing shows that Liberty and "Liberty Life Assurance Company of Boston" are the same entity, and Liberty cannot be liable to Everson for denying her claim for benefits under the LTD plan.

For the above reasons, Liberty Life Assurance Company of Boston, not Liberty, would appear to be the proper defendant in this action. Because Liberty is not the proper defendant in this action, Everson's Complaint fails to state viable claims against Liberty. Liberty's motion to dismiss should be granted on this ground alone.

### 2.    Res Judicata Bars Everson's ERISA Claims Against Liberty

Alternatively, Liberty argues that res judicata bars Everson's ERISA claims against it because those claims have already been litigated and resolved adversely to Everson in *Liberty I*. [Doc. 3-1 at 10–11]. Everson's claims against Liberty all relate to the denial of Everson's claim for benefits under Coca-Cola's LTD plan. Everson challenged that denial in *Liberty I*. In *Liberty I,* the district judge issued an order holding that Liberty's decision to deny Everson disability benefits under the LTD plan was not arbitrary and capricious. [Liberty's Ex. D]. Following that decision, the Clerk entered judgment in favor of Liberty and against Everson. [Liberty's Ex.

F].  Everson appealed from the judgment against her, and the Eleventh Circuit dismissed Everson's appeal.  [Liberty's Ex. G].  Everson attempted to seek certiorari to appeal the Eleventh Circuit's decision, but the Supreme Court denied her petition for certiorari.  [Liberty's Ex. H].

Res judicata operates to preclude a party from re-litigating issues in a later proceeding that were or could have been raised in a prior action.  *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."); *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (explaining that res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding") (internal quotation marks and citation omitted).  The purpose of res judicata is to relieve parties of the significant costs of vexatious litigation, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on the finality of an adjudication.  *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010).  Res judicata is intended to apply even if some new factual allegations have been made, new relief has been requested, or a new defendant has been added.  *Id.* at 1116–17.

14

Res judicata will bar a claim if: (1) there was a final judgment on the merits in the earlier case; (2) the first decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same causes of action are involved in both cases. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). If those elements are present, "[t]he court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). As discussed below, this case satisfies all four elements for res judicata.

First, the decision denying Everson's claims against Liberty in *Liberty I* was a final adjudication on the merits. *See Hilliard v. Gutierrez*, No. 21-cv-20513-BLOOM/Otazo-Reyes, 2021 WL 2712122, at *9 (S.D. Fla. July 1, 2021) ("In a conventional case, [a] final order is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment.") (alteration in original) (internal quotation marks and citations omitted). Second, the decision was rendered by a court of competent jurisdiction. Third, this case and *Liberty I* both involve claims against Liberty. Fourth, the claims asserted in this case and in *Liberty I* all arise out of the same nucleus of operative fact and involve the decision to deny

15

Everson benefits under the LTD plan.  This case, therefore, satisfies all four of the elements for res judicata.

Everson argues that res judicata does not bar this action because she is attempting to litigate allegedly new improper conduct by Liberty and Coca-Cola. All of Everson's claims against Liberty, however, arise from the denial of her claim for long-term disability benefits under the LTD plan.  Although Everson may attempt to assert some new claims against Liberty in this case, there are no facts alleged in the current Complaint establishing that Everson could not have raised those claims against Liberty in *Liberty I*.  The claims, therefore, are barred by res judicata. *See McNear v. Wells Fargo Bank, N.A.*, No. 3:14-cv-195-TCB-RGV, 2015 WL 11571039, at *8 (N.D. Ga. May 11, 2015) (concluding that res judicata applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact") (internal quotation marks and citation omitted), *adopted by* 2015 WL 12086096 (N.D. Ga. June 17, 2015), *aff'd*, 651 F. App'x 928 (11th Cir. 2016).

Res judicata, therefore, bars the claims that Everson asserts in this lawsuit against Liberty.  Liberty's motion to dismiss should be granted on this ground as well.

### 3.      ERISA Preempts Everson's State Law Claims

Liberty also argues that ERISA preempts Everson's state law claims.  [Doc. 3-1 at 7–8].  ERISA contains a preemption provision stating that ERISA's statutes "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."   29 U.S.C. § 1144(a).   ERISA, therefore, preempts state law claims that have a "connection with" the administration of an ERISA plan.   *See Morstein v. Nat'l Ins. Servs., Inc.*, 93 F.3d 715, 721–722 (11th Cir. 1996) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983)).  State law claims have a connection with an ERISA plan and are preempted if the state law claims "are based upon the failure of a covered plan to pay benefits."   *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 & n.5 (11th Cir. 1996).

Everson's state law "disparate impact," "remedy to restore," and attorney's fees claims clearly have a connection with an ERISA plan.  Those state law claims all arise out of the same facts underlying the denial of Everson's claim for benefits under the LTD plan and involve Liberty's alleged actions in evaluating Everson's claim for benefits under the LTD plan.   The state law claims, therefore, are preempted under Section 514(a) of ERISA.  *See Jones v. LMR Int'l, Inc.*, 457 F.3d

17

1174, 1179 (11th Cir. 2006) (noting that ERISA preempts state law claims that relate to an ERISA plan); *see also Burden v. Reliastar Life Ins. Co.*, No. 1:12-cv-4392-WSD, 2014 WL 26090, at *9 (N.D. Ga. Jan. 2, 2014) ("It is settled law that ERISA preempts claims for breach of contract, fraud and bad faith that arise under Georgia law."). Because ERISA preempts Everson's state law claims against Liberty, those claims should be dismissed.[4]

### 4.       Everson Fails to State ADA Claims Against Liberty

Liberty further argues that Everson's Complaint fails to state viable ADA claims against it. According to Liberty, Everson may not assert ADA claims against it because Liberty is not an employer or other covered entity under the ADA. [Doc. 3-1 at 9–10].

ADA claims may be asserted only against an employer. *See Braun v. Cadence Healthcare Sols., LLC*, No. CV419-101, 2022 WL 3570344, at *9 (S.D. Ga. Aug. 18, 2022) (noting that the ADA grants relief only as to an employer); *Starkey v. Colquitt Cnty. Bd. of Comm'rs*, No. 7:14-cv-19-HL, 2014 WL 6679117, at *4 (M.D. Ga. Nov. 25, 2014) ("An action under the ADA may only be maintained against the

---

[4] Everson argues that ERISA does not preempt her ADA claim. [Doc. 10 at 1–2, 7, 9; Doc. 10-1 at 2, 12; Doc. 11 at 2; Doc. 11-1 at 2, 12]. Coca-Cola and Liberty, however, do not contend that ERISA preempts Everson's ADA claim.

employer itself.") (internal quotation marks and citation omitted). Here, Everson's allegations establish that Coca-Cola, not Liberty, was her employer, and she has not alleged facts to show that Liberty was otherwise a covered entity subject to suit under the ADA. *See* 42 U.S.C. § 12112(a) (providing that "[n]o covered entity shall discriminate against a qualified individual on the basis of a disability"); *see also* 42 U.S.C. § 12111(2) (defining a "covered entity" for purposes of the ADA as "an employer, employment agency, labor organization, or joint labor-management committee"). Everson, therefore, cannot assert an ADA claim against Liberty, and Liberty's motion to dismiss should be granted as to Everson's ADA claims asserted against it.

### 5.   The Applicable Statutes of Limitations Bar Everson's Claims Against Liberty

Liberty also argues that Everson's claims against it are barred by the applicable statutes of limitations. [Doc. 3-1 at 12–13]. Everson's claims against Liberty are based on conduct that occurred, at the latest, in 2005, when Liberty denied Everson's claim for benefits under the LTD plan. [Liberty Ex. B]. Although Everson alleges that she has newly acquired" evidence, it is clear from the allegations of her Complaint that this evidence only applies to Coca-Cola. [Compl. ¶ 8]. Everson's claims against Liberty therefore arose, at the latest, in 2005.

Everson argues that she has claims for "ongoing discrimination." [Doc. 11 at 2; Doc. 11-1 at 1–2]. It is abundantly clear, however, that any claim Everson may assert against Liberty arises from the denial of Everson's claim for LTD benefits in 2005. As discussed below, the fact that Everson may still feel the effects of that denial does not mean that she has a claim for ongoing discrimination. Everson's claims against Liberty thus arose in 2005 at the very latest.

Everson's claims relating to the denial of her claims for benefits under the LTD plan are time-barred. ERISA does not set forth a statute of limitations for suits brought to recover benefits, and courts "borrow the most closely analogous state limitations period." *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998). In Georgia, ERISA claims must be brought within the six-year statute of limitations applicable to claims for breaches of written contracts set forth in Georgia Code Section 9-3-24, unless the relevant plan document provides for a reasonable shorter period of time. *See id.*; *Washington v. Verizon Commc'ns, Inc.*, No. 3:11-cv-29(CDL), 2012 WL 2025259, at *4 (M.D. Ga. June 5, 2012); *see also* O.C.G.A. § 9-3-24 ("All actions upon simple contracts in writing shall be brought within six years after the same become due and payable."). Here, the LTD plan stated that claims under the plan must be brought within one year from when proof of claim is required. [*See* Liberty's Mot. Dismiss

Ex. A (Doc. 3-1 at 16–54), Section 7 – General Provisions, Legal Proceedings]. Both the one-year limitations period provided in the LTD plan and the six-year limitations period set forth in Georgia Code Section 9-3-24 expired long before Everson filed this action. Everson's ERISA claims, therefore, are time-barred.

Further, even if Everson could assert ADA claims against Liberty, the statute of limitations would bar those claims. Although the ADA does not contain a statute of limitations, courts apply the two-year limitations period applicable to personal injury claims set forth in Georgia Code Section 9-3-3 to ADA claims in Georgia. *See Kennedy v. South Univ.*, No. 4:21-cv-172, 2022 WL 628541, at \*4 (S.D. Ga. Mar. 3, 2022); *see also* O.C.G.A. § 9-3-33 ("[A]ctions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues."). Any ADA claim that Everson may assert clearly arose more than two years before Everson filed this lawsuit. Thus, even if Everson could assert ADA claims against Liberty, those claims would be time-barred.

Finally, even if ERISA did not preempt Everson's state law claims, all of Everson's state law claims would be time-barred. First, a four-year statute of

limitations would apply to Everson's fraud claims.  *See GE Life & Annuity Assur. Co. v. Barbour*, 189 F. Supp. 2d 1360, 1366 (M.D. Ga. 2002) ("The statute of limitations for fraud claims in Georgia is four years."); *see also* O.C.G.A. § 9-3-31 (setting forth a four-year statute of limitations for injuries to personal property).) Second, a two-year statute of limitations would apply to any personal injury claim that Everson may assert.  *See* O.C.G.A. § 9-3-33 (setting forth a two-year limitations period for personal injury claims).  Third, a six-year limitations period would apply to any breach of contract claims that Everson may assert.  *See* O.C.G.A. § 9-3-24 (providing for a six-year limitations period for claims based on a written contract). Everson's state law claims against Liberty are based on events that arose long before Everson filed this action, and any of the potentially applicable statutes of limitations would bar those claims.

For the above reasons, all of Everson's claims against Liberty are time-barred. Liberty's motion to dismiss should be granted, and Everson's claims against Liberty should be dismissed.

### C.    Coca-Cola's Motion to Dismiss

Coca-Cola also moves to dismiss Everson's Complaint for failure to state viable claims for relief against it.  [Doc. 8].  Coca-Cola argues that (1) Everson's claims against it are barred by res judicata, (2) Everson's ADA claims are barred by

the statute of limitations and by Everson's failure to exhaust administrative remedies; and (3) Everson fails to state viable state law claims. [*See generally id.*]. Everson opposes Coca-Cola's motion, arguing, among other things, that Coca-Cola failed to file the motion to dismiss in a timely fashion. For the following reasons, I find that Coca-Cola's motion to dismiss is timely, and I will recommend that Coca-Cola's motion to dismiss be granted.

### 1.    Coca-Cola Timely Filed its Motion to Dismiss

Everson argues that Coca-Cola's motion to dismiss should be denied as untimely because Coca-Cola failed to file the motion within thirty days after Everson served Coca-Cola. [Doc. 10 at 3, 7, 13–14; Doc. 10-1 at 3, 10, 16; Doc. 11 at 2, 4; Doc. 11-1 at 3, 10, 16]. According to Everson, Coca-Cola is in default. [Doc. 10 at 3, 7, 13–14; Doc. 10-1 at 3, 10, 16; Doc. 11 at 2, 4; Doc. 11-1 at 3, 10, 16].

Everson filed a corrected certificate of service indicating that she mailed a copy of the Complaint to Coca-Cola on July 12, 2023. [Doc. 2].[5] Coca-Cola ordinarily would have twenty-one days from the date of service, or through August 2, 2023, to respond to the Complaint. FED. R. CIV. P. 12(a)(1)(A)(i). Here, however,

---

[5] Coca-Cola does not argue that Everson failed to serve it properly with process. [*See generally* Doc. 13].

Coca-Cola had three extra days—or through August 5, 2023—to respond to the Complaint because Everson served Coca-Cola via mail.  FED. R. CIV. P. 6(d). Because that deadline fell on a Saturday, Coca-Cola's time to respond to the Complaint was extended until the following Monday, August 7, 2023.  FED. R. CIV. P. 6(a)(3).  Coca-Cola filed its motion to dismiss on August 4, 2023.  I, therefore, find that Coca-Cola timely filed its motion to dismiss.

### 2. Res Judicata Bars Everson's Claims Against Coca-Cola

Coca-Cola argues that res judicata bars Everson's claims against it.  [Doc. 8 at 7].  Coca-Cola contends that Everson is attempting to relitigate events that occurred in 2005—the termination of her long-term disability benefits and the termination of her employment.  According to Coca-Cola, those claims have been fully litigated in this Court.

As previously noted, res judicata will bar a claim if: (1) there was a final judgment on the merits in the earlier case; (2) the first decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same causes of action are involved in both cases. *Ragsdale*, 193 F.3d at 1238.   All four of those elements are met in this case.  The decision in *Coca-Cola I* was a final judgment on the merits, it was rendered by a court of competent jurisdiction, it involved both Everson and Coca-Cola, and it

24

involved the same causes of action and facts.  Res judicata, therefore, applies to bar this action.

Everson argues that this case is about "seven adverse employment actions" that she has not litigated.  [Doc. 11-1 at 11].  As discussed below, however, all of those "adverse employment actions," are simply repackaged grievances about acts that Everson previously litigated in *Coca-Cola I*.

Five of the allegedly new adverse employment actions relate to the 2005 termination of Everson's long-term disability benefits.  Everson complains that: (1) Coca-Cola is currently discriminating against her because it terminated her long-term disability benefits notwithstanding the Social Security Administration's determination that she is disabled; (2) Coca-Cola has allegedly accepted Social Security decisions for other employees but refuses to do so for Everson; (3) Coca-Cola causes Everson "ongoing mental and physical harm" by maintaining that she is not disabled; (4) Coca-Cola has failed to explain to the Court that Everson receives Social Security benefits; and (5) the email that describes Everson's case as a "sneak out" shows that Coca-Cola "discriminated against [Everson's] Social Security Disability decision" and violated its own "Social Security Benefit policy in violation of [the] ADA." [Doc. 11-1 at 11–12].  Despite Everson's attempt to repackage those

claims, those are all issues that were, or should have been, previously litigated in *Coca Cola I*.   Res judicata, therefore, bars those claims.

Everson's remaining two new "adverse actions" also relate to the termination of her employment in 2005.  Specifically, Everson claims that: (1) Coca-Cola sent an email in 2005 stating that Everson's claim was a "sneak out"; and (2) "Coca-Cola threw [Everson] out like trash and did not even give her severance pay" when her employment terminated in 2005.  [Doc. 11 at 11–12, 14–15].  Again, Everson's termination and the denial of severance were litigated in *Coca-Cola I*.  Res judicata, therefore, bars those claims.

For the above reasons, res judicata bars Everson's claims against Coca-Cola. Coca-Cola's motion to dismiss should be granted for this reason alone.

### 3.    Everson's ADA Claims Against Coca-Cola Fail

Coca-Cola next contends that Everson fails to state viable ADA claims against it. [Doc. 8 at 7–10].  Coca-Cola argues that Everson's ADA claims fail because the applicable statute of limitations bars the claims.  [*Id.* at 7–8].

As previously discussed, a two-year statute of limitations applies to ADA claims in Georgia.   Here, the adverse employment action at issue—Everson's termination—occurred in 2005, and the two-year statute of limitations expired long ago.  Even if, as Everson contends, some adverse employment action occurred when

26

she began receiving pension plan benefits in 2013, that action occurred more than two years ago.  Everson's ADA claims, therefore, are time-barred.

Everson contends that her ADA discrimination claims are not time-barred because she has a right-to-sue letter from the EEOC.  [Doc. 11 at 13].  The EEOC letter, however, is actually a dismissal of Everson's EEOC Charge, and it states, in relevant part, "The EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge."  [Doc. 11-1, Ex. A].  The EEOC letter itself demonstrates that Everson's ADA discrimination claims are indeed time-barred.

Everson also argues that her ADA claims are timely under the continuing violation doctrine because she faces ongoing discrimination.  [Doc. 11-1 at 13; *see also* Doc. 15 at 6–7 (arguing that the continuing violations doctrine applies)].  This argument fails.  The ADA "precludes recovery under the continuing-violations doctrine for discrete acts of discrimination or retaliation that occurred outside the statutory limitations period."  *Abram v. Fulton Cnty. Gov't*, 598 F. App'x 672, 674–75 (11th Cir. 2015).  Discrete acts are actions that are "easy to identify," such as the termination of employment or the termination of Everson's disability benefits.  *Id.* at 675.  All of the actions at issue in this case arise from discrete acts.  The fact that

Everson does not like the continuing consequences that flow from those discrete acts does not make her claims timely or give rise to a continuing violation. *See id.* at 676 (finding that the district court correctly found that the continuing violations doctrine was inapplicable because all of the plaintiff's claims "involved discrete acts of alleged discrimination").

Everson also argues that her ADA claims are timely because she "recently discovered a Coca-Cola Social Security Benefit Policy that shows Coca-Cola is currently discriminating against [Everson]." [Doc. 11-1 at 12]. That discovery does not revive Everson's ADA claims, which are based on two discrete acts that occurred in 2005—the termination of Everson's long-term disability benefits and her employment. Everson may not revive her untimely ADA claims by arguing that she recently discovered this document or that Coca-Cola continues to refuse to pay her long-term disability benefits.

For the above reasons, Everson fails to state viable ADA claims against Coca-Cola. Coca-Cola's motion to dismiss should be granted as to Everson's ADA claims.

### 4.    Everson's State Law Claims Against Coca-Cola Fail as a Matter of Law

Finally, Coca-Cola argues that Everson's Complaint fails to allege viable state law claims for relief against it.  [Doc. 8 at 10–11].  I agree.   Everson's state law claims against Coca-Cola, like her state law claims against Liberty, are preempted by ERISA fail because ERISA preempts Everson's state law claims and Everson's state law claims are time-barred.   As discussed below, Everson's state law claims also fail because she does not allege plausible claims for relief.

### a.    Everson's "Disparate Impact" Claim Fails

In Count VI, Everson asserts a "disparate impact" claim under Georgia Code Section 16-14-9.  That statute, however, is a criminal provision relating to Georgia's Racketeer Influenced and Corrupt Organizations ("RICO") Act, and it pertains to the supplemental nature of civil remedies under that statute.  *See* O.C.G.A. § 16-14-9.  This case does not involve a criminal RICO prosecution or a civil RICO claim, and the "disparate impact" statute simply has no application to this case.   Everson, therefore, fails to state a viable "disparate impact" claim.[6]

---

[6] To the extent that Everson intended to pursue a "disparate impact" claim under the ADA, that claim fails for the reasons previously discussed.

### b.     Everson's "Remedies for Fraud" Claim Fails

In Count VI, Everson seeks "remedies for fraud" under Georgia Code Sections 23-4-2 and 11-2-721.  As discussed below, neither of those statutes gives rise to a viable claim for relief.

First, Georgia Code Section 23-4-2 governs how to plead a claim for extraordinary remedies under Georgia law, and it provides that "[a] claim for extraordinary relief or remedy to aid an action or defense may be asserted either by original pleading or by amendment."  O.C.G.A. § 23-4-2.  That statute simply has no relevance here.

Second, Georgia Code Section 11-2-721 relates to "[r]emedies for material misrepresentation or fraud" under Article 2 of Georgia's Uniform Commercial Code ("UCC").  O.C.G.A. § 11-2-721.  Article 2 of Georgia's UCC does not apply here because this case does not involve "transactions in goods."  *See* O.C.G.A. § 11-2-102 (setting forth the scope of Article 2 of Georgia's Uniform Commercial Code).

As discussed above, Everson fails to state viable fraud claims based on either Georgia Code Section 23-4-2 or Georgia Code Section 11-2-721.  Those claims should be dismissed.

### c.    Everson's Claim for Attorney's Fees and Costs Fails

In Count VII, Everson seeks attorney's fees and costs under Georgia Code Section 13-6-11.  That statute "does not create an independent cause of action." *Walker v. Select Portfolio Servicing, Inc.*, No. 1:16-cv-3401-SCJ, 2017 WL 9516599, at *3 n.5 (N.D. Ga. Aug. 11, 2017).  Instead, claims for attorney's fees and expenses under Georgia Code Section 13-6-11 "are derivative of Georgia tort law claims and thus require an underlying claim."  *Perkins v. Thrasher*, 701 F. App'x 887, 891 (11th Cir. 2017) (per curiam).   Here, all of Everson's underlying substantive claims fail, and her claim for attorney's fees and costs against Liberty under Georgia Code Section 13-6-11 is also due to be dismissed.  *Id.*

### d.    Everson's New State Law Claim Fails

In Everson's response to Coca-Cola's motion to dismiss, she argues that Coca-Cola violated Georgia Code Section 34-6A-4(a).  [Doc. 11-1 at 13–15]. Everson did not include this claim in her Complaint, and she may not now amend her Complaint by asserting a new claim in her response to the motion to dismiss. *See Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (noting that a plaintiff failed to raise a constitutional challenge to a state's civil contempt procedures properly because the plaintiff raised the argument for the first time in his

31

response to the defendant's motion to dismiss, instead of seeking leave to file an amended complaint).

Even if Everson had included this claim in her Complaint, the claim would still fail because it is untimely.  The claim is untimely because a civil action alleging a violation of Georgia Code Section 34-6-A-4(a) must be brought within 180 days after the allegedly prohibited conduct occurred, and the alleged acts of discrimination at issue in this case occurred more than 180 days before Everson filed this lawsuit.  *See Chastain v. City of Douglasville*, No. 1:14-cv-4038-AT-CMS, 2017 WL 10753292, at *9 (N.D. Ga. Jan. 20, 2017), *adopted by* 2017 WL 10768465 (N.D. Ga. Feb. 23, 2017); *see also* O.C.G.A. § 34-6A-6(a) (providing that claims for violations of Georgia's Equal Employment for the Handicapped Code "shall be brought within 180 days after the alleged prohibited conduct occurred").  Everson, therefore, cannot state a claim for relief under Georgia Code Section 34-6A-6.

### f.      Summary

For the reasons discussed above, Everson's state law claims fail as a matter of law.  Coca-Cola's motion to dismiss, therefore, should be granted as to Everson's state law claims.

## V.    <u>CONCLUSION</u>

Accordingly, I **RECOMMEND** that Everson's motions for summary judgment [Doc. 10, Doc. 11] be **DENIED WITHOUT PREJUDICE**. I further **RECOMMEND** that Liberty's motion to dismiss [Doc. 3] be **GRANTED** and that Everson's claims against Liberty be dismissed **WITH PREJUDICE**.  Finally, I **RECOMMEND** that Coca-Cola's motion to dismiss [Doc. 8] be **GRANTED** and that Everson's claims against Coca-Cola be dismissed **WITH PREJUDICE**.

Because this is a Final Report and Recommendation, and there is nothing further in this action pending before the undersigned Magistrate Judge, the Clerk is **DIRECTED** to terminate the reference.

**SO REPORTED AND RECOMMENDED**, this the 22nd day of September, 2023.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE