**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 06 2023

KEVIN P. WEIMER, Clerk
By_____ Deputy Clerk

JACQUELINE R. EVERSON,          )
                                )
        Plaintiff,              )
                                )
v.                              )
                                )   Civil Action No.
                                )   1:23-cv-02947-MLB-CMS
THE COCA-COLA COMPANY,          )
                                )
LIBERTY MUTUAL INSURANCE        )
COMPANY,                        )
                                )
        Defendant.              )

## PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, Jacqueline Everson ("Plaintiff") hereby objects to the Magistrate Final Report and Recommendations issued in this case on September 22, 2023.

Specifically, Plaintiff objects to the Magistrate's recommendations for fourteen reasons: 1) Motions for Summary Judgment; 2) Liberty's Motions to Dismiss; 3) Liberty Mutual is Proper Defendant; 4) Coca-Cola's Motions to Dismiss, 5) No ERISA Claims Against Liberty Mutual; 6) No ERISA Claims Against Coca-Cola; 5) ERISA Preempts State Law Claims; 7) Plaintiff's ADA

1

Claims; 8) ADA Claims Against Liberty; 9) Statue of Limitations Against Liberty Mutual; 10) ADA Claims Against Coca-Cola; 11) Disparate Impact Claims; 12) Remedies for Fraud Claims; 13) Relief Under 34-6A-4; 14) Attorney's Fees and Costs.

This matter is before the Court in objection to the Magistrates recommendation that Plaintiff's claims should be dismissed for failure to state viable claims against Defendants Coca-Cola and Liberty Mutual for fraud and multiple ADA violations [Doc. 1, Doc. 10, Doc. 11].

## <u>Standard of Review</u>

Objections to the magistrate judge's recommendation for disposition shall be processed in accordance with <u>Fed. R. Civ. P. 72(b)(2)</u>. A listing of dispositive motions is contained in <u>28 U.S.C. § 636(b)(1)</u>.

## <u>Argument</u>

A.      Plaintiff Motion(s) have addressed The Pension Plan issue concerning two classifications: Totally disabled for early pension and "not disabled" for all other privileges of employment;  "Plaintiff asks the Court and Liberty Mutual to forgive her error in stating that Plaintiff is classified "totally disabled" as a requirement to receive Early Retirement Pension." (Doc. 10, Pg. 10), (Doc. 11, Pg. 4). "Plaintiff's Early Retirement Pension Plan did not start this civil action. Defendant's ADA violations started this civil action" (Doc. 11, Pg. 13).

**I.**     Plaintiff is entitled to relief for discrimination and fraud on her Motions for Summary Judgment. Plaintiff stated and argued her material facts. Plaintiff objects to the Judge's errors in facts and law concerning Plaintiff's Motions for Summary Judgment. [Doc. 10, Doc. 11].

**A.**     Judge's Recommendations [Page 8]: "1]. The motions therefore appear to be responses to the motions to dismiss, and I have considered the arguments that Everson raised in her motions and in her reply in connections with the motions to dismiss." [page 8] "her motions are procedurally improper because she failed to attach statements of material facts to the facts"[page 8]

**B.**     Plaintiff is entitled to relief on Motion for Summary Judgment: Plaintiff stated her material facts starting on page one of both Motions: **a.** "1) Plaintiff's federal law and state law causes of action in the Complaint" [Doc. 10, Doc. 11]. **b.** Plaintiff responded to both Motions to Dismiss on [Doc. 10, Doc. 11] by "arguing" the facts that the Motions attacked do sufficiently allege claims for relief under ADA 42 U.S. Code § 12102, and 42 U.S. Code § 12112. "II. ARGUMENT AND AUTHORITIES" [Doc. 10], "ARGUMENT" [Doc. 11].

In discussing the reasons for the admission or rejection of evidence, the judge may refer to the evidence but must not state that a relevant fact has or has not been proved. Florida, Cent. & P.R.R. v. Lucas, 110 Ga. 121, 35 S.E. 283

3

(1900); Brooks v. Griffin, 10 Ga. App. 497, 73 S.E. 752 (1912); Redwine Bros. v. Street, 18 Ga. App. 77, 89 S.E. 163 (1916).

**II.** Plaintiff is entitled to relief:  Plaintiff objects to the Judge's errors in facts and law concerning Liberty's Motion to Dismiss for failure to state a claim Motion to Dismiss should have been denied [Doc. 3]. Plaintiff has a "Statement of Facts" within her Complaint [Doc. 1].

**A.** Judge's Recommendations [Page 12]: "I will recommend that Liberty's motion to dismiss be granted."

**B.** Plaintiff is entitled to relief: on Statement of Facts [Doc. 1 ¶8]:  "8 Plaintiff recently discovered documents (*) that confirms The Coca-Cola Company is currently discriminating against plaintiff on the basis of her "disability". a) Defendant TCCC was recently contacted by the plaintiff on May 29, 2023. TCCC opened plaintiff's [Coca-Cola Case Number – HLP-2023-71237] concerning on-going disability discrimination" ". p) Plaintiff has filed this lawsuit based on these violation(s) of plaintiff's rights by TCCC and Liberty Mutual Insurance Company in violation of the Americans with Disabilities Act laws and Georgia laws and violations."  [Doc. 1 ¶ 8 (a – p)].

In discussing the reasons for the admission or rejection of evidence, the judge may refer to the evidence but must not state that a relevant fact has or has not been proved. Florida, Cent. & P.R.R. v. Lucas, 110 Ga. 121, 35 S.E.

4

283 (1900); Brooks v. Griffin, 10 Ga. App. 497, 73 S.E. 752 (1912); Redwine Bros. v. Street, 18 Ga. App. 77, 89 S.E. 163 (1916).

**III.**    Plaintiff is entitled to relief:  Liberty Mutual is a proper defendant in this action. Plaintiff recently discovered a Coca-Cola Employee Disability Insurance Policy that Liberty Mutual excluded from Plaintiff 2005 employee ERISA Disability case thru fraud and discrimination. Plaintiff objects to the Judge's errors in facts and law concerning Liberty is a proper defendant.

**A.**    Judge's Recommendations [Page 13]: "Liberty Life Assurance Company of Boston, not Liberty, would appear to be the proper defendant in this action"

**B.**    Plaintiff is entitled to relief: Liberty Mutual Is a proper defendant because of its independent responsibility and authority as an "agent" representing Plaintiff's employer; The Coca-Cola Company in the Plaintiff's 2005 employee ERISA case [Doc. 3, Ex. C]. Plaintiff recently discovered a Coca-Cola Employee Disability Insurance Policy that was excluded from Plaintiff 2005 employee ERISA Disability case thru fraud and discrimination [Doc. 1 ¶ 8], [Doc. 10, Ex. P], [Doc. 3, Ex. A-C]. Liberty Mutual is the "only" defendant in Plaintiff's 2005 ERISA lawsuit Civil Docket for Case #: 1:05-cv-02459 (Liberty's Motion (Doc. 10, Ex. C)]. Plaintiff's ERISA lawsuit (2005 to 2009):  Filed 09/21/2005 - Everson v. Liberty Mutual Assurance Company.

5

12/08/2005, Document 8: ANSWER to Complaint by Liberty Mutual

Assurance Company. 01/30/2009, Document 80: BILL OF COSTS by Liberty

Mutual. [Doc. 3, Ex. C]

Liberty Mutual pretended to be the "sole sponsor" on behalf of The

Coca-Cola Company "not" Liberty Life committing fraud [Doc. 3, Ex. A].

Coca-Cola is the defendant in all other employee disability ERISA cases accept

the Plaintiff's "clear fraud" [Doc. 10, Page 8]. Coca-Cola's Benefit Managers

clearly identified Liberty Mutual as the administrator and payer over Plaintiff's

disability "not" Liberty Life "Ann Per the request in the attached email I

received correspondence from Liberty Mutual on 03/15/05. The correspondence

confirms that Liberty Mutual advised Jacqueline Everson that they would re-

open her claim and pay her LTD benefit" [Doc. 10, Ex. G].

In discussing the reasons for the admission or rejection of evidence, the

judge may refer to the evidence but must not state that a relevant fact has or has

not been proved. Florida, Cent. & P.R.R. v. Lucas, 110 Ga. 121, 35 S.E. 283

(1900); Brooks v. Griffin, 10 Ga. App. 497, 73 S.E. 752 (1912); Redwine Bros.

v. Street, 18 Ga. App. 77, 89 S.E. 163 (1916). Therefore, Liberty Mutual is a

proper defendant.

IV.    Plaintiff is entitled to relief : Coca-Cola's Motions to Dismiss for failure

to state a claim should have been be denied [Doc. 3]. Plaintiff has a "Statement

of Facts" in her Complaint [Doc. 1]. Plaintiff objects to the Judge's errors in facts and law concerning Coca-Cola's Motions to Dismiss [Doc. 1].

**A.**    Judge's Recommendations [Page 22]: "liberty's motion to dismiss should be granted, and Everson's claims against Liberty should be dismissed."

**B.**    Plaintiff is entitled to relief:    Statement of Facts [Doc. 1 ¶ 8]:    "8 Plaintiff recently discovered documents (*) that confirms The Coca-Cola Company is currently discriminating against plaintiff on the basis of her "disability". a) Defendant TCCC was recently contacted by the plaintiff on May 29, 2023. TCCC opened plaintiff's [Coca-Cola Case Number – HLP-2023-71237] concerning on-going disability discrimination" ". p) Plaintiff has filed this lawsuit based on these violation(s) of plaintiff's rights by TCCC and Liberty Mutual Insurance Company in violation of the Americans with Disabilities Act laws and Georgia laws and violations."   [Doc. 1 ¶ 8 (a – p)].

In discussing the reasons for the admission or rejection of evidence, the judge may refer to the evidence but must not state that a relevant fact has or has not been proved. Florida, Cent. & P.R.R. v. Lucas, 110 Ga. 121, 35 S.E. 283 (1900); Brooks v. Griffin, 10 Ga. App. 497, 73 S.E. 752 (1912); Redwine Bros. v. Street, 18 Ga. App. 77, 89 S.E. 163 (1916).

**A.**    Plaintiff does not object to the timely Filing of Coca-Cola's Motion.

7

**V.**    Plaintiff is entitled to relief:  Res Judicata ERISA claims against Liberty Mutual do not exist in this case. All Plaintiff's claims are only for ADA violations under 42 U.S.C. § 12102, and 42 U.S.C. § 12112 for discrimination, fraud, exclusion, segregation, disparate impact, limiting and discrimination against a qualified disabled individual solely on the basis of her known disability under ADA; directly related to a recently discovered Coca-Cola Employee Disability Insurance Policy that was excluded from the Plaintiff's 2005 ERISA case thru fraud. For these reasons Plaintiff's claims are not compatible to Plaintiff's previous ERISA claims. Therefore, Plaintiff's federal ADA claims are not barred by Res Judicata or ERISA. Plaintiff objects to the Judge's errors in facts and law concerning Plaintiff's Res Judicata ERISA Claims against Liberty.

**A.**    Judge's Recommendations [Page 13]: "Everson's claims against Liberty all relate to the denial of Everson's claim for benefits under Coca-Cola LTD Plan"

**B.**    Plaintiff is entitled to relief: "All Plaintiff's claims are for discrimination solely on the basis of her disability and violations of Plaintiff's civil rights under ADA, 42 U.S.C. § 12111 Prohibits covered employers from discriminating against people with disabilities in all employment-related activities [Doc. 10, E]. "1) Plaintiff's federal law and state law causes of action

in the Complaint is not for the "one and only" LTD benefit policy provided by Liberty Mutual. This is a claim for ongoing discrimination of Plaintiff's civil rights solely on the basis of Plaintiff's disability under the Americans with Disabilities Act, 1990 ("ADA") and is not preempted by ERISA" [Doc. 10, Page 1], [Doc. 11, Page 1].

In discussing the reasons for the admission or rejection of evidence, the judge may refer to the evidence but must not state that a relevant fact has or has not been proved. Florida, Cent. & P.R.R. v. Lucas, 110 Ga. 121, 35 S.E. 283 (1900); Brooks v. Griffin, 10 Ga. App. 497, 73 S.E. 752 (1912); Redwine Bros. v. Street, 18 Ga. App. 77, 89 S.E. 163 (1916). Therefore, ERISA Claims against Liberty Do Not Exist in this case and Plaintiff's claims against defendant should not be dismissed.

VI.     Plaintiff is entitled to relief:  Res Judicata ERISA claims against Coca-Cola do not exist in this case. All of Plaintiff's claims are directly related to a recently discovered Coca-Cola Employee Disability Insurance Policy that was excluded from the Plaintiff's 2005 ERISA case thru discrimination and a fraud scam [Doc. 1, ¶ 8]. All Plaintiff's claims are only for ADA violations under 42 U.S.C. § 12102, and 42 U.S.C. § 12112 for discrimination, fraud, exclusion, segregation, disparate impact, limiting and discrimination against a qualified disabled individual solely on the basis of Plaintiff's known disability under

9

ADA; directly related to a recently discovered Coca-Cola Employee Disability Insurance Policy that was excluded from the Plaintiff's 2005 ERISA case thru fraud. For these reasons Plaintiff's claims are not compatible to Plaintiff's previous ERISA claims. Plaintiff objects to the Judge's errors in facts and law concerning Res Judicata ERISA Claims Against Coca-Cola Do Not Exist in this case. Therefore, Plaintiff's federal ADA claims are not barred by Res Judicata or ERISA.

**A.** Judge's Recommendations [Page 25]: "Res Judicata, therefore, applies to bar this action"

**B.** Plaintiff is entitled to relief: "All Plaintiff's claims are for discrimination solely on the basis of her disability and violations of Plaintiff's civil rights under ADA, 42 U.S.C. § 12111 Prohibits covered employers from discriminating against people with disabilities in all employment-related activities [Doc. 10, E]. Plaintiff is a qualified individual with a known disability; a protected class under Americans with Disability Act laws since 2003 [Doc. 1, I]. "1) Plaintiff's federal law and state law causes of action in the Complaint is not for the "one and only" LTD benefit policy provided by Liberty Mutual. This is a claim for ongoing discrimination of Plaintiff's civil rights solely on the basis of Plaintiff's disability under the Americans with Disabilities Act, 1990 ("ADA") and is not preempted by ERISA" [Doc. 10, Page 1], [Doc.

11, Page 1]. "3) Plaintiff's Complaint against Defendants is a recognizable cause of action in multiple discrimination violations under ADA; U.S.C. § 12111 Subchapter I – EMPLOYMENT, 42 U.S. Code § 12112 – Discrimination. The Second Circuit held that disabled former employees have an ADA cause of action for benefits discrimination, provided the former employee was a "qualified individual" during the term of his employment;" [Doc. 11, Page 2].

In discussing the reasons for the admission or rejection of evidence, the judge may refer to the evidence but must not state that a relevant fact has or has not been proved. Florida, Cent. & P.R.R. v. Lucas, 110 Ga. 121, 35 S.E. 283 (1900); Brooks v. Griffin, 10 Ga. App. 497, 73 S.E. 752 (1912); Redwine Bros. v. Street, 18 Ga. App. 77, 89 S.E. 163 (1916). Therefore, ERISA Claims against Coca-Cola do not exist in this case and Plaintiff's claims against defendant are proper and should not be dismissed.

VII.  Plaintiff is entitled to relief:  Plaintiff objects, all Plaintiff's claims are ADA claims in this case. Plaintiff's claims do not have a "connection with" the administration of an ERISA plan. All of Plaintiff's claims are directly related to a recently discovered Coca-Cola Employee Disability Insurance Policy that was excluded from the Plaintiff's 2005 ERISA case thru discrimination and a fraud scam [Doc. 1 ¶ 8]. These are ADA violations under 42 U.S.C. § 12102, and 42

11

U.S.C. § 12112 for discrimination, fraud, exclusion, segregation, disparate impact, limiting and discrimination against a qualified disabled individual solely on the basis of Plaintiff's known disability under ADA; For these reasons Plaintiff's claims are not compatible to Plaintiff's previous ERISA claims. Therefore, Plaintiff's federal ADA claims are not barred by Res Judicata or ERISA. Plaintiff objects to the Judge's errors in facts and law concerning ERISA and State Law Claims that do not exist in this case.

A.   Judge's Recommendations [Page 17]: "ERISA, therefore, preempts state law claims that have a "connection with" the administration of an ERISA plan."

B.   Plaintiff is entitled to relief: "All Plaintiff's claims are for discrimination solely on the basis of her disability and violations of Plaintiff's civil rights under ADA, 42 U.S.C. § 12111 Prohibits covered employers from discriminating against people with disabilities in all employment-related activities [Doc. 10, E].

Plaintiff is a qualified individual with a known disability; a protected class under Americans with Disability Act laws since 2003 [Doc. 1, I]. "1) Plaintiff's federal law and state law causes of action in the Complaint is not for the "one and only" LTD benefit policy provided by Liberty Mutual. This is a claim for ongoing discrimination of Plaintiff's civil rights solely on the basis of Plaintiff's disability under the Americans with Disabilities Act, 1990 ("ADA")

and is not preempted by ERISA" [Doc. 10, Page 1], [Doc. 11, Page 1]. "3) Plaintiff's Complaint against Defendants is a recognizable cause of action in multiple discrimination violations under ADA;  U.S.C. § 12111 Subchapter I – EMPLOYMENT, 42 U.S. Code § 12112 – Discrimination. The Second Circuit held that disabled former employees have an ADA cause of action for benefits discrimination, provided the former employee was a "qualified individual" during the term of his employment;" [Doc. 11, Page 2].

In discussing the reasons for the admission or rejection of evidence, the judge may refer to the evidence but must not state that a relevant fact has or has not been proved. Florida, Cent. & P.R.R. v. Lucas, 110 Ga. 121, 35 S.E. 283 (1900); Brooks v. Griffin, 10 Ga. App. 497, 73 S.E. 752 (1912); Redwine Bros. v. Street, 18 Ga. App. 77, 89 S.E. 163 (1916). Therefore, ERISA Claims do not exist in this case and all Plaintiff's federal ADA claims for discrimination and fraud are proper and should not be dismissed.

VIII.   Plaintiff is entitled to relief: Plaintiff objects, because Everson did state viable ADA claims against Liberty Mutual in this case. Plaintiff could not have known these facts prior to her recent discovery and investigation of Coca-Cola's employee Insurance Policy that was hidden from the Plaintiff. Plaintiff recently discovered that Liberty Mutual discriminated against her thru a 2005 ERISA disability fraud scam. Both of the defendants have acknowledged the

13

excluded Policy. Plaintiff's viable claims in this case are for discrimination, fraud, exclusion, disparate treatment, limiting and segregating. These are all viable claims under ADA 42 U.S. Code § 12102, and 42 U.S. Code § 12112 against Liberty as an independent representative of the Plaintiff's employer; Coca-Cola. Liberty Mutual's name is listed as the "only" defendant on the Civil Docket in Plaintiff's 2005 employee ERISA lawsuit not "Liberty Life" and not "Coca-Cola [Doc. 3, Ex C]. Therefore, Liberty Mutual is a proper defendant for charges of fraud, discrimination and multiple ADA violations under ADA 42 U.S. Code § 12102, and 42 U.S. Code § 12112 as a independent representative of the Plaintiff's employer; The Coca-Cola Company. Plaintiff objects to the Judge's errors in facts and law concerning Everson's viable ADA claims against Liberty Mutual in this case.

A.      Judge's Recommendations [Page 19]: "Everson, therefore, cannot assert an ADA claim against Liberty, and Liberty Mutual's Motion to Dismiss should be granted as to Everson's ADA claims asserted against it."

B.      Plaintiff is entitled to relief:  Plaintiff objects because she has viable ADA Claims against Liberty Mutual. Plaintiff recently discovered that Liberty Mutual pretended to be the "sole sponsor" in Plaintiff's 2005 ERISA case. Coca-Cola is the sole sponsor and is required by law to be the defendant in Plaintiff's ERISA case; but is not a defendant in violation of 502 § ERISA

14

Enforcement [Doc. 10, II.B]. Liberty Mutual pretended that the Plaintiff was only covered under "one" Group disability insurance policy issued by Liberty Mutual worth 10% pre-disability income [Doc. 3, Ex. A]. Liberty Mutual deliberately excluded Coca-Cola's employee disability insurance policy from the Plaintiff's 2005 ERISA case; The Coca-Cola Company's Employee LTD Disability Insurance Policy is worth 60% pre-disability income [Doc. 10, Ex. P, pg. 3] and has exclusive rules on Social Security Benefits that was excluded from the Plaintiff in violation of her civil rights [Doc. 10, Ex. P, pg. 5]. Liberty Mutual acted as sole sponsor, defendant and decision maker on behalf of The Coca-Cola Company and is a proper defendant for charges of fraud, discrimination and multiple ADA violations under ADA 42 U.S. Code § 12102, and 42 U.S. Code § 12112 as a sole representative of the Plaintiff's employer; The Coca-Cola Company [Doc. 3, Ex. A-C]. Liberty Mutual's illegal actions affected all Plaintiff's "Privileges Of Employment" with The Coca-Cola Company. Therefore, Liberty Mutual is a proper defendant in this case as representative with authority to govern over The Coca-Cola Company's business; Plaintiff's employer [Doc. 10, page 8].

In discussing the reasons for the admission or rejection of evidence, the judge may refer to the evidence but must not state that a relevant fact has or has not been proved. Florida, Cent. & P.R.R. v. Lucas, 110 Ga. 121, 35 S.E.

283 (1900); Brooks v. Griffin, 10 Ga. App. 497, 73 S.E. 752 (1912); Redwine

Bros. v. Street, 18 Ga. App. 77, 89 S.E. 163 (1916).

**IX.**    Plaintiff is entitled to relief: Plaintiff objects, because the applicable

statues of limitations do not bar Everson's federal claims against Liberty

Mutual in this case. Plaintiff does not have any state law claims. All Plaintiff's

claims are for relief under 42 U.S.C. § 12102, and 42 U.S.C. § 12112. directly

related to a recently discovered Coca-Cola Employee Disability Insurance

Policy that was excluded from the Plaintiff's 2005 ERISA case thru fraud.

Plaintiff did not known these facts prior to her recent discovery in 2023 and the

investigation of Coca-Cola's excluded Insurance Policy. These are not ERISA

claims. Plaintiff is a qualified individual with a known disability; a protected

class under Americans with Disability Act laws since 2003. Plaintiff has a valid

right to sue letter from EEOC. Therefore, Plaintiff ADA claims are not barred

by the statue of limitations in this case.

**A.**    Judge's Recommendations [Page 21]: "Finally, even if ERISA did not

preempt Everson's state law claims, all of Everson's state law claims would be

time-barred."

**B.**    Plaintiff is entitled to relief:  Plaintiff is entitled to relief because the

statue of limitations does not prevent Everson's federal claims. Everson has a

valid Right to Sue Letter from EEOC [Doc. 10, II.B]. "The most common of

these exceptions is founded in the discovery rule in Georgia. The discovery rule

holds that the clock on the statute of limitations starts running at the time the injury *was* discovered (or should have been discovered) *and* at the time the causal relationship between the injury and the accident was discovered (or should have reasonably been discovered), *not* at the time the accident actually occurred." https://www.bbga.com/articles/slip-and-fall-articles/statute-of-limitations-georgia.

"Although O.C.G.A. § 16-9-50, defining the crime of deceptive business practices, does not contain in the statutory definition any indication of a legislative purpose to impose liability on a corporation, the state is not required to allege the provisions of O.C.G.A. § 16-2-22 in accusations under § 16-9-50, but only to prove that defendant corporation or managerial agent authorized deceptive practices. State v. Military Circle Pet Ctr. No. 94, Inc., 257 Ga. 388, 360 S.E.2d 248 (1987) [Doc. 10, II.C]. Relevant Part of Plaintiff's EEOC Right to Sue Letter: Plaintiff has a "NOTICE OF RIGHT TO SUE" letter from EEOC. "Notice Of Your Right To Sue" Quote: "If you choose to file a lawsuit against the respondent(s) on this charge under federal law or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**"

In discussing the reasons for the admission or rejection of evidence, the judge may refer to the evidence but must not state that a relevant fact has or has not been proved. Florida, Cent. & P.R.R. v. Lucas, 110 Ga. 121, 35 S.E. 283 (1900);

17

Brooks v. Griffin, 10 Ga. App. 497, 73 S.E. 752 (1912); Redwine Bros. v. Street, 18 Ga. App. 77, 89 S.E. 163 (1916). Unlawful practices; The Coca-Cola Company has a history of committing ADA violations against its employees with disabilities: "The company settled with the U.S. Equal Employment Opportunity Commission in August, pledging to pay $2.25 million to resolve nine different disability discrimination cases relating to its failure to accommodate disabled workers." https://www.warrensiurek.com/blog/2018/09/coca-cola-pays-225-million-to-settle-ada-lawsuit/". "Ninth Circuit disposition - It held that the continuing violation doctrine "allows courts to consider conduct that would ordinarily be time-barred 'as long' as the untimely incidents represent an ongoing unlawful employment practice." Morgan, 232 F. 3d 108, 1014 (9th Cir. 2000) (quotation omitted)."

X.     Plaintiff is entitled to relief: Plaintiff objects, because Everson did state viable ADA claims against Coca-Cola in this case. Plaintiff could not have known these facts prior to her recent discovery and investigation of Coca-Cola's employee Insurance Policy that was hidden from the Plaintiff. Plaintiff recently discovered that Coca-Cola discriminated against her thru a 2005 ERISA disability fraud scam. Both of the defendants have acknowledged the excluded Policy. Plaintiff's viable claims in this case are for discrimination, fraud, exclusion, disparate treatment, limiting and segregating. These are all

18

viable claims under ADA 42 U.S. Code § 12102, and 42 U.S. Code § 12112 against Coca-Cola Plaintiff's employer. Therefore, Coca-Cola is a proper defendant for charges of discrimination, fraud, and multiple ADA violations under ADA 42 U.S. Code § 12102, and 42 U.S. Code § 12112 as Plaintiff's employer. Plaintiff objects to the Judge's errors in facts and law concerning Everson's viable ADA claims against Coca-Cola in this case.

**A.** Judge's Recommendations [Page 19]: "Everson, therefore, cannot assert an ADA claim against Liberty, and Liberty Mutual's Motion to Dismiss should be granted as to Everson's ADA claims asserted against it."

**B.** Plaintiff is entitled to relief: Plaintiff objects because she has viable ADA claims against Liberty Mutual. Plaintiff recently discovered that Liberty Mutual pretended to be the "sole sponsor" in Plaintiff's 2005 ERISA case. Coca-Cola is the sole sponsor and is required by law to be the defendant in Plaintiff's ERISA case; but is not a defendant in violation of 502 § ERISA Enforcement [Doc. 10, II.B]. Liberty Mutual pretended that the Plaintiff was only covered under "one" Group disability insurance policy issued by Liberty Mutual worth 10% pre-disability income [Doc. 3, Ex. A]. Liberty Mutual deliberately excluded Coca-Cola's employee disability insurance policy from the Plaintiff's 2005 ERISA case; The Coca-Cola Company's Employee LTD Disability Insurance Policy is worth 60% pre-disability income [Doc. 10, Ex. P,

19

pg. 3] and has exclusive rules on Social Security Benefits that was excluded from the Plaintiff in violation of her civil rights [Doc. 10, Ex. P, pg. 5]. Liberty Mutual acted as sole sponsor, defendant and decision maker on behalf of The Coca-Cola Company and is a proper defendant for charges of fraud, discrimination and multiple ADA violations under ADA 42 U.S. Code § 12102, and 42 U.S. Code § 12112 as a sole representative of the Plaintiff's employer; The Coca-Cola Company [Doc. 3, Ex. A-C]. Liberty Mutual's illegal actions affected all Plaintiff's "Privileges Of Employment" with The Coca-Cola Company. Therefore, Liberty Mutual is a proper defendant in this case as representative with authority to govern over The Coca-Cola Company's business; Plaintiff's employer [Doc. 10, page 8].

In discussing the reasons for the admission or rejection of evidence, the judge may refer to the evidence but must not state that a relevant fact has or has not been proved. Florida, Cent. & P.R.R. v. Lucas, 110 Ga. 121, 35 S.E. 283 (1900); Brooks v. Griffin, 10 Ga. App. 497, 73 S.E. 752 (1912); Redwine Bros. v. Street, 18 Ga. App. 77, 89 S.E. 163 (1916).

XI.     Plaintiff is entitled to relief: Plaintiff objects, because Everson did state viable ADA claims for Disparate Impact relief covered under ADA laws for discrimination and fraud claims. Plaintiff was treated different from all other Coca-Cola employees when the Coca-Cola Insurance Policy was excluded from

Plaintiff, and as shown in Plaintiff's evidence above. Plaintiff objects to the Judge's errors in facts and law concerning Everson's viable ADA claims for disparate impact [Doc. 1, V].

**A.**    Judge's Recommendations [Page 29]: "Everson, therefore, fails to state a viable disparate impact claim"

**B.**    Plaintiff is entitled to relief: Everson's federal claims for "disparate impact" under ADA does not fail, and is a viable claim for relief under ADA. "The ADA also prohibits discrimination based on disparate impact. Disparate impact discrimination occurs when an employer uses employment tests, standards, or other selection criteria that intentionally or unintentionally exclude qualified individuals with a disability in a disproportionate manner. 42 U.S.C. § 12112(b)(6)." https://katzbanks.com/practice-areas/discrimin- ation /disability-discrimination". Everson's disparate impact claims are "easy to identify" against Coca-Cola under 42 U.S. CODE § 12102, 42 U.S. CODE § 12112 – DISCRIMINATION. Plaintiff's claims should be granted for the reasons stated above. In discussing the reasons for the admission or rejection of evidence, the judge may refer to the evidence but must not state that a relevant fact has or has not been proved. Florida, Cent. & P.R.R. v. Lucas, 110 Ga. 121, 35 S.E. 283 (1900); Brooks v. Griffin, 10 Ga. App. 497, 73 S.E. 752 (1912); Redwine Bros. v. Street, 18 Ga. App. 77, 89 S.E. 163 (1916).

**XII**.    Plaintiff is entitled to relief: Plaintiff objects, because Everson did state viable ADA claims for "Remedies for Fraud" relief covered under ADA laws for discrimination and fraud claims. Plaintiff was treated different from all other Coca-Cola employees when the Coca-Cola Insurance Policy was excluded from Plaintiff, and as shown in Plaintiff's evidence above. Plaintiff objects to the Judge's errors in facts and law concerning Everson's viable ADA claims for disparate impact [Doc. 1, V].

**A**.    Judge's Recommendations [Pg 30]: "Those claims should be dismissed"

**B**.    Plaintiff is entitled to relief: Everson's federal claims for "Remedies for Fraud" under ADA does not fail, and is a viable claim for relief under ADA. "The ADA also prohibits discrimination based on disparate impact. Disparate impact discrimination occurs when an employer uses employment tests, standards, or other selection criteria that intentionally or unintentionally exclude qualified individuals with a disability in a disproportionate manner. 42 U.S.C. § 12112(b)(6)." https://katzbanks.com/practice-areas/discrimin- ation /disability-discrimination". Everson's disparate impact claims are "easy to identify" against Coca-Cola under 42 U.S. CODE § 12102, 42 U.S. CODE § 12112 – DISCRIMINATION. Plaintiff's claims should be granted for the reasons stated above. In discussing the reasons for the admission or rejection of evidence, the judge may refer to the evidence but must not state that a relevant fact has or has

not been proved. <u>Florida, Cent. & P.R.R. v. Lucas, 110 Ga. 121, 35 S.E. 283 (1900); Brooks v. Griffin, 10 Ga. App. 497, 73 S.E. 752 (1912); Redwine Bros. v. Street, 18 Ga. App. 77, 89 S.E. 163 (1916)</u>.

**XIII.** Plaintiff is entitled to relief: Plaintiff objects, because Everson included 34-6A-4 in her argument and authorities against Motions to Dismiss.

**A.** Judge's Recommendations [Pg 30]: "Everson, therefore, cannot state a claim for relief under Georgia Code Section 34-6A-6"

**B.** Plaintiff is entitled to relief: under 34-6A-4 [Doc. 10, D].

**XIV.** Plaintiff is entitled to relief: Plaintiff objects, and is entitled to relief. Everson's claims for attorney's fees and costs does not fail, under ADA 42 U.S. CODE § 12102, 42 U.S. CODE § 12112.

## Summary

For the reasons stated above, Everson's federal law claims do not fail as a matter of law. Coca-Cola's motion to dismiss should be denied as to Everson's federal law claims under ADA U.S. Code § 12102, 42 U.S. Code § 12112.

Plaintiff respectfully admits she would never have discovered this insurance policy (fraud) after all this time, the truth, and discrimination and multiple ADA violations in this case; if it had not been for The Most High Almighty GOD. I believe it is a miracle. This Court has the authority to STOP this fraud and send a clear message that defendants are not above the law.

## CONCLUSION

Accordingly, Plaintiff, Jacqueline Everson request that her Motion for Summary Judgment (Doc. 10, Doc. 11) be granted without prejudice. Plaintiff further request that Liberty Mutual's Motion to Dismiss (Doc. 3) be denied, and that Everson's claims against Liberty Mutual be granted, without prejudice. Finally, Plaintiff request that Coca-Cola's Motion to Dismiss (Doc. 8) be denied and that Everson's claims against Coca-Cola be granted, without prejudice.

Plaintiff, Jacqueline Everson has responded by Objection, within the required 14 days as required by law this the 6th day of October, 2023.

RESPECTFULLY SUBMITTED,

JACQUELINE EVERSON
1530 Locust Log Way
Austell, Georgia 30168
Tel: 770-573-4038

24

## <u>LOCAL RULE 5.1C AND 7.1D CERTIFICATION</u>

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Times New Roman 14 Point, the font and point selections approved by this Court in Local Rule 5.1C.