**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JACQUELINE EVERSON,               ) | |
|                      ) | |
|        **Plaintiff,**     ) | |
|                      ) | |
| **vs.**                 ) | |
|                      )    **Case No. 1:23-cv-02947** | |
| **THE COCA-COLA COMPANY,** ) | |
|                      ) | |
| **LIBERTY MUTUAL INSURANCE** ) | |
| **COMPANY,**          ) | |
|                      ) | |
|       **Defendant.**     ) | |

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE
JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS**

Defendant Liberty Mutual Insurance Company ("Liberty Mutual") files this Response to Plaintiff's Objection to the Magistrate Judge's Proposed Findings and Recommendations. Liberty Mutual asserts that the Magistrate Judge's Recommendations that Liberty Mutual's Motion to Dismiss Plaintiff's Complaint were accurate for the following reasons:

A. **The Magistrate Judge Correctly Found that Liberty Mutual Is Not a Proper Defendant.**

As the Magistrate Judge found, the LTD policy and the letter denying benefits under the policy reference "Liberty Life Assurance Company of Boston." There is nothing that reflects that this entity and Liberty Mutual are the one and the

same, and Liberty Mutual cannot be liable to Plaintiff for actions that Plaintiff asserts in her Complaint were related to the administration of the policy and her claim for benefits under the LTD policy.  Accordingly, Liberty Mutual's Motion to Dismiss should be granted.

B.  **The Magistrate Judge Correctly Found that Res Judicate Bars the Claims Brought Against Liberty Mutual.**

The previous lawsuit brought by Plaintiff ("Liberty I" in the Magistrate's Findings and Recommendations) fully and finally litigated all issues and claims Plaintiff may have had.  Res judicata will apply even if some new factual allegations are made, new relief is requested, or a new defendant is added.[1]  The Magistrate Judge correctly found that all of the elements of res judicata are met, and that Liberty Mutual's Motion to Dismiss should be granted on that basis.

C.  **The Magistrate Judge Correctly Found that ERISA Preempts the State Law Causes of Action Plaintiff Raised in Her Complaint.**

All of Plaintiff's state law causes of action are connected to the LTD policy, which is an ERISA plan.[2]  Accordingly, the Magistrate Judge's recommendation that the Motion to Dismiss be granted on this basis was well-founded.

---

[1]  *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010).
[2]  *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1179 (11th Cir. 2006).

D. **The Magistrate Judge Correctly Found that Liberty Mutual Was Not a "Covered Entity" under the ADA.**

In the Complaint, Plaintiff neither asserted that Liberty Mutual was her employer nor stated facts that show Liberty Mutual was a "covered entity" under the ADA. Therefore, the Magistrate Judge correctly recommended that Liberty Mutual's Motion to Dismiss Plaintiff's ADA claims be granted.

E. **The Magistrate Judge Correctly Found that All Claims Asserted by Plaintiff in her Complaint Are Barred by the Applicable Statutes of Limitations.**

The Magistrate Judge examined all the possible statutes of limitations that would apply to Plaintiff's claims and found that all of Plaintiff's claims against Liberty Mutual were time-barred under those statutes of limitations. The analysis included Plaintiff's state law causes of action, as well as her ADA and potential ERISA claims. None of these statutes of limitations allow Plaintiff to reach all the way back to 2005 to bring a claim in 2023, and Plaintiff makes no claims in her Complaint of conduct by Liberty Mutual that would fall within the appropriate statutes of limitations. Hence, the Magistrate Judge properly recommended that Liberty Mutual's Motion to Dismiss all her claims on this basis be granted.

3

F.    **Plaintiff's Objections Disregard her Burden to Plead Actions Upon Which Relief May be Granted.**

Although Plaintiff repeatedly states that she objects to the Magistrate Judge's Findings and Recommendations because "a judge may refer to evidence but not state that a relevant fact has or has not been proved," Plaintiff wholly disregards the legal standards under which Liberty Mutual's Motion to Dismiss must be considered.  Plaintiff has a burden to state a claim that is "plausible on its face," and the Court "is not required to accept Plaintiff's legal conclusions or unwarranted deductions of fact."[3]  More than "labels and conclusions" are required, and Plaintiff's allegations in the Complaint must state "a right to relief above the speculative level."[4]  Additionally, Plaintiff's allegations in the complaint must be more than "conceivable."[5]  Plaintiff's Complaint wholly fails in this regard, and the Magistrate Judge rightly and appropriately found and recommended that Liberty Mutual's Motion to Dismiss be granted.

## III.
## REQUEST FOR RELIEF

For the reasons set forth above, Lincoln requests the Court to enter an Order adopting the Magistrate Judge's Final Report and Recommendation (Document 16) in its entirety.

---

[3]    *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012)
[4]    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
[5]    *Id*. at 556.

Dated this 20th day of October 2023.

Respectfully submitted,

DREW ECKL & FARNHAM, LLP

*/s/ Brian Johnson*
Brian Johnson, Esq.
Georgia Bar No. 394745

Drew, Eckl & Farnham
880 W. Peachtree Street
Atlanta, Georgia 30357
404/885-1400
404/876-0992 fax
Email:  johnsonb@deflaw.com

AND

s/ *Iwana Rademaekers*
Iwana Rademaekers, Esq.
Texas Bar No. 16452560
(*Pro Hac Vice* Application pending)

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 20, 2023, I electronically filed the foregoing

pleading with the Clerk of Court using the CM/ECF system.

I further certify that a true and correct copy of the foregoing has been sent

via US Priority Mail to the following non-CM/ECF case participants:

> Jacqueline Everson
> 1530 Locust Log Way
> Austell, GA 30168
> Pro Se Plaintiff

> s/ *Brian Johnson*
> Brian Johnson, Esq.

**6**