**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JACQUELINE R. EVERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| THE COCA-COLA COMPANY, | ) | 1:23-cv-02947-MLB-CMS |
| LIBERTY MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**COCA-COLA'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO THE MAGISTRATE JUDGE'S FINAL
REPORT AND RECOMMENDATION**

**<u>INTRODUCTION</u>**

On September 22, 2023, Magistrate Judge Salinas issued a well-reasoned and thorough Final Report and Recommendation ("R&R") recommending dismissal of Plaintiff's Complaint because it seeks to relitigate time-barred claims that were adjudicated before this Court nearly two decades ago. ECF 16 at 6–7, 33.  Plaintiff filed her objections to the R&R on October 6, 2023 ("Objections"). ECF 18.

Plaintiff's Objections fail to specify with particularity any alleged errors committed by Magistrate Judge Salinas; provide no evidence or grounds to contradict Magistrate Judge Salinas' conclusions; and offer no basis for this Court to reject the R&R.  Instead, Plaintiff's Objections attempt to rehash the same arguments that Magistrate Judge Salinas thoroughly considered and soundly rejected.  While many of Plaintiff's Objections are difficult to follow, the common thread holding them together appears to be a "Coca-Cola Employee Disability Insurance Policy" that Plaintiff contends "was hidden" and she only "recently discovered." ECF 18 at 5, 8–11, 13–14, 16, 18, 22.  But that supposed "Policy", which was not referenced in Plaintiff's Complaint and was instead raised for the first time in opposition to Defendants' motions to dismiss, merely provides an offset for Social Security Benefits if employees also qualify for long-term disability ("LTD")

benefits under Coca-Cola's plan. ECF 11-1 at 45 (Ex. P). Plaintiff, whose LTD benefits from Coca-Cola were terminated in 2005, clearly does not.

In short, nothing in Plaintiff's Objections warrants rejecting or modifying Magistrate Judge Salinas' R&R. The Court should adopt the R&R and dismiss this case with prejudice once and for all.

## ARGUMENT

**I.    Plaintiff's Objections Do Not Establish Any Basis to Disturb the Magistrate's Well-Reasoned and Thorough R&R.**

Courts in this District have repeatedly admonished that "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to." *See, e.g.*, *Belasco v. Mr. Cooper Mortg. Co.*, No. 1:22-cv-400, 2022 WL 18777534, at \*1 (N.D. Ga. Nov. 14, 2022) (internal quotation and citation omitted). And "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Id.* This is because reconsideration based on general and perfunctory objections "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Godwin v. Comm. of Soc. Sec.*, No. 8:16-cv-2258, 2017 WL 11113200, at \*1 (M.D. Fla. Sept. 27, 2017).

Accordingly, objections "which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate

2

Judge" are insufficient. *Marlite, Inc. v. Eckenrod*, No. 10-235641-Civ., 2012 WL 3614212, at *5 (S.D. Fla. Aug. 21, 2012); *see Jones v. Ford*, No. 5:20-cv-00422, 2023 WL 1790082, at *1 (M.D. Ga. Jan. 4, 2023) ("And clearly, an objection that 'merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge.'") (citation omitted).

Similarly, objections that seek to "expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions" are improper. *Valido v. Kijakazi*, No. 1:21-cv-20939, 2022 WL 4462069, at *3 (S.D. Fla. Sept. 26, 2022); *Godwin*, 2017 WL 11113200, at *1 ("[W]hen a party merely makes general objections, 'such as by incorporating by reference other arguments made in prior briefs,' the objecting party 'does not receive a de novo review.'") (citation omitted).

Where, as here, the objecting party has not submitted a proper objection to the magistrate judge's findings, "the district court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Clarke v. Adams*, No. 1:22-cv-04408, 2022 WL 18232708, at *1 (N.D. Ga. Dec. 2, 2022), *aff'd*, 2023 WL 5348896 (11th Cir. Aug. 21, 2023); *Valido*, 2022 WL 4462069, at *3.

Magistrate Judge Salinas' R&R correctly concluded that: (1) Plaintiff's claims related to the 2005 termination of her employment and LTD benefits from Coca-Cola are barred by res judicata; (2) Plaintiff's purported ADA claims arising from the same events are likewise barred by the applicable two-year statute of limitations; and (3) Plaintiff's scattershot of state law claims are preempted by ERISA and otherwise fail as a matter of law. ECF 16 at 24–32.

Plaintiff's Objections simply disagree with these conclusions and seek to rehash the same misguided arguments that Plaintiff raised in opposition to Coca-Cola's motion to dismiss. *Compare* ECF 18 at 9, 18 (arguing "Res Judicata ERISA claims against Coca-Cola do not exist in this case" and "Plaintiff objects, because Everson did state viable ADA claims against Coca-Cola in this case."), *with* ECF 11-1 at 2 (contending "Plaintiff's claims for discrimination violations, is not barred by the doctrines of res judicata and/or collateral estoppel" and "[t]he Georgia two year statue [sic] of limitation for ADA under Title I claims does not apply here.").[1]

---

[1] In addition, Plaintiff also contends that her ADA claim "is not preempted by ERISA," but Magistrate Judge Salinas correctly acknowledged in the R&R that neither Defendant made this argument. ECF 18 at 9; ECF 16 at 18 n.4.

None of these provide a valid basis for disturbing Magistrate Judge Salinas' R&R, and Plaintiff's Objections should be summarily rejected. *Jones*, 2023 WL 1790082, at *1 (rejecting objections that restate the arguments previously presented); *Valido*, 2022 WL 4462069, at *3 (rejecting objections that merely disagree with magistrate judge's conclusions). Magistrate Judge Salinas dutifully considered and denied each of Plaintiff's arguments in the R&R, and there is no error—much less a "clear error"—in those conclusions. *Clarke*, 2022 WL 18232708, at *1.

## II. Plaintiff's Misguided Reference to a "Hidden" Coca-Cola Policy Supporting Her Claims Is Unavailing.

Setting aside Plaintiff's failure to meet the exacting legal standard for overturning an R&R, the linchpin of her Objections is a misreading of Coca-Cola's LTD plan documents. Indeed, Plaintiff repeatedly suggests that her claims should survive because of a "Coca-Cola Employee Disability Insurance Policy" that she only "recently discovered" and that, according to Plaintiff, "was hidden" from her. *See* ECF 18 at 5, 8–11, 13–14, 16, 18, 22.

But the basis for this far-fetched assertion is a garden-variety offset provision in Coca-Cola's Long Term Disability Summary Plan Description ("SPD"). *See* ECF 11-1 at 5. It provides that "[a]s long as you may be eligible for Social Security

[disability] benefits, the claims administrator will estimate your Social Security income and deduct that amount from your LTD benefits until all appeal procedures have been exhausted." Doc. 11-1 at 45. This means that LTD benefits from Coca-Cola's plan are offset—that is, reduced—where an otherwise eligible participant also receives Social Security disability benefits. It does not provide an automatic entitlement to LTD benefits under Coca-Cola's plan for any individual who also eligible for Social Security benefits. And Plaintiff's misreading of this offset language is certainly no basis for rejecting or modifying the R&R.

## **CONCLUSION**

For the foregoing reasons, the Court should reject Plaintiff's Objections, adopt the Magistrate Judge's Final Report and Recommendation, and dismiss Plaintiff's claims with prejudice.

Respectfully submitted this 20th day of October, 2023.

/s/ Darren A. Shuler
Darren A. Shuler (Ga. Bar No. 644276)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Fax: (404) 572-5100
Email: dshuler@kslaw.com

*Attorneys for Defendant The Coca-Cola Company*

6

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, in compliance with Local Rule 5.1(C), that the foregoing pleading has been prepared using 14-point Times New Roman font, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

/s/ Darren A. Shuler
Darren A. Shuler
Georgia Bar No. 644276

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF and mailed a copy, postage prepaid, and addressed as follows to:

Jacqueline R. Everson
1530 Locust Log Way
Austell, GA  30168

This 20th day of October, 2023.

/s/ Darren A. Shuler
Darren A. Shuler
Georgia Bar No. 644276