# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Jacqueline R. Everson,

        Plaintiff,

                Case No. 1:23-cv-2947-MLB

v.

The Coca-Cola Company and
Liberty Mutual Insurance
Company,

        Defendants.

_____/

## <u>ORDER</u>

Plaintiff Jacqueline R. Everson, proceeding pro se, sued her former employer, The Coca-Cola Company, and the purported administrator of its long-term disability plan, Liberty Mutual Insurance Company, claiming they violated the Americans with Disabilities Act and several Georgia statutes. (Dkt. 1.) Defendants separately filed motions to dismiss. (Dkts. 3; 8.) Plaintiff filed two motions that she styled as motions for summary judgment "against Defendants' motions to dismiss"—though in reality, were responses to the motions to dismiss. (Dkts. 10; 11.) Magistrate Judge Catherine M. Salinas issued a Final

Report and Recommendation, saying the Court should grant Defendants' motions to dismiss, deny Plaintiff's "motions for summary judgment," and dismiss this case. (Dkt. 16.)  Plaintiff objects. (Dkt. 18.)

"[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009).  To that end, an objecting party must "specifically identify the portions of the [recommendation] to which objection is made and the specific basis for objection." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020).[1]  "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).  This is because reconsideration based on general and perfunctory objections "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Godwin v. Comm. of Soc. Sec.*, 2017 WL 11113200, at *1 (M.D. Fla. Sept. 27, 2017).

---

[1] The Court recognizes *McCullars* is unpublished and not binding.  The Court cites it nevertheless as instructive.  *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

Accordingly, objections "which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge" are insufficient. *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *5 (S.D. Fla. Aug. 21, 2012); *see also Jones v. Ford*, 2023 WL 1790082, at *1 (M.D. Ga. Jan. 4, 2023) ("[A]n objection that 'merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge.'") (citation omitted). Similarly, objections that seek to "expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions" are improper. *Valido v. Kijakazi*, 2022 WL 4462069, at *3 (S.D. Fla. Sept. 26, 2022). Where a party fails to submit proper objections, "the district court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Clarke v. Adams*, 2022 WL 18232708, at *1 (N.D. Ga. Dec. 2, 2022).

Plaintiff's objections do nothing more than simply (and without additional explanation) disagree with the Magistrate Judge's conclusions, or "'rehash points raised in [her] response[s] in opposition'" to Defendants' motions to dismiss. *Jones*, 2023 WL 1790082, at *1

(citation omitted).    The Magistrate Judge issued a thorough, well-reasoned recommendation correctly determining that Plaintiff's claims fail for several reasons, including that she seeks to relitigate time-barred claims that were adjudicated nearly two decades ago, (in Liberty Mutual's case) that she failed to name the proper Defendant, and because her factual allegations are not sufficient to maintain several of her claims.  (Dkt. 16.)   In objecting, Plaintiff simply says—again, without explanation—that the Magistrate Judge was wrong or raises the same arguments she made before the Magistrate Judge on precisely the same points.    (*Compare* Dkt. 11-1 at 2 (contending "Plaintiff's claims for discrimination violations, is not barred by the doctrines of res judicata and/or collateral estoppel" and "[t]he Georgia two year statu[t]e of limitation for ADA under Title I claims does not apply here") with Dkt. 18 at 9, 18 (arguing "Res Judicata ERISA claims against Coca-Cola do not exist in this case" and "Plaintiff objects, because [Plaintiff] did state viable ADA claims against Coca-Cola in this case").)   None of that is enough to raise proper objections to the Magistrate Judge's conclusions.

To the extent the Court needs to review the recommendation for clear error—or under any other standard—the Court finds the Magistrate Judge's conclusions are correct.

The Court **OVERRULES** Plaintiff's Objections to the Report and Recommendation (Dkt. 18), **ADOPTS** the Report and Recommendation in full (Dkt. 16), **GRANTS** Defendants' Motions to Dismiss (Dkts. 3; 8), and **DENIES WITHOUT PREJUDICE** Plaintiff's "Motions for Summary Judgment Against Defendants' Motions to Dismiss" (Dkts. 10; 11).  The Court **DISMISSES** this litigation.

**SO ORDERED** this 13th day of March, 2024.

_____

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE